568 A.2d 995

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Plaintiff,**

**v.**

**BLUE CROSS OF WESTERN PENNSYLVANIA and Medical Service Association of Pennsylvania, Defendants.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided Jan. 17, 1990.

508

Jason W. Manne, Asst. Counsel, Pittsburgh, for plaintiff.

Gerri L. Sperling, with him, Edward L. Springer, Springer, Bush & Perry, P.C., Pittsburgh, for defendants.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

The Department of Public Welfare (DPW) has filed a complaint pursuant to our original jurisdiction seeking a declaration that defendants Blue Cross of Western Pennsylvania (Blue Cross) and Medical Service Association of Pennsylvania, doing business as Pennsylvania Blue Shield (Blue Shield) are improperly refusing to pay for state mental hospital services under defendants' "Blue Cross Prime" and "Major Medical Prime" subscription agreements. DPW also seeks money damages in the form of payment for state mental hospital services for four individual patients.

Defendants Blue Cross and Blue Shield have filed preliminary objections contending: (1) that DPW's complaint fails to state a cause of action against defendants for money damages; (2) that DPW's complaint fails to state a cause of action for declaratory relief; and (3) that DPW's complaint should be dismissed due to the pendency of a prior action. The defendants' preliminary objections are currently before this Court for disposition.

The factual dispute underlying DPW's complaint arises out of defendants' refusal to pay for inpatient psychiatric services provided to four individuals at Woodville State

Hospital in Carnegie, Pennsylvania. DPW owns and operates all state mental hospitals in Pennsylvania. All four individuals named in the complaint have health insurance coverage through defendants. Each individual was covered by a Blue Cross Prime agreement issued solely by Blue Cross and a Major Medical Prime agreement issued jointly by Blue Cross and Blue Shield. Both agreements are non-group direct pay agreements.

Under the Blue Cross Prime agreement, Blue Cross agreed to pay for inpatient psychiatric care for up to thirty days per calendar with a maximum of 120 days during any single period of hospitalization. Under the Major Medical Prime agreement, Blue Cross and Blue Shield agreed to pay subject to a $250.00 deductible, fifty per cent of the charges for inpatient psychiatric care up to a lifetime maximum of $25,000.

In an attempt to obtain payment for each of the four individual patients, DPW contacted Blue Cross' "Provider Services" telephone hotline to determine if coverage existed for state mental hospital services rendered to the four individuals under their Blue Cross Prime and Major Medical Prime agreements. However, DPW was advised by the Blue Cross hotline that there was no state mental hospital coverage for the four patients. Acting pursuant to the instructions of Blue Cross, DPW wrote a final demand letter to defendants requesting payment for each individual up to the policy limits of the Blue Cross Prime and Major Medical Prime agreements. DPW received no response. DPW subsequently filed a complaint invoking this Court's original jurisdiction and seeking a declaration that defendants' policy of denying coverage under their respective subscription agreements for inpatient psychiatric services at state owned mental hospitals is illegal. DPW also seeks a monetary judgment for the amount of the state mental hospital services provided to the four patients. In response to DPW's complaint, the defendants filed preliminary objections which are now before this Court for disposition.

Defendants' first objection consists of a demurrer wherein they allege that DPW's complaint: (1) fails to allege facts sufficient to support a cause of action for declaratory relief under the Declaratory Judgments Act;[1] (2) fails to allege any statute or other law under which defendants' subscription agreements could be declared illegal and thus has not stated a cause of action under the Declaratory Judgments Act; and (3) fails to set forth a cause of action against defendants for money damages under any theory of law.

■ The defendants initially contend that DPW lacks standing to seek declaratory relief because DPW has no direct, immediate and substantial interest in the subscription agreements it challenges in this action. The defendants argue that DPW has no rights arising out of the subscription agreements, but is merely trying to assert the rights of the patients. This contention is erroneous. Sections 1409(a)(1), (2), (3) and (4) of the Public Welfare Code[2] provide as follows:

(a)(1) No person having private health care coverage shall be entitled to receive the same health care furnished or paid for by a publicly funded health care program. For the purposes of this section, 'Publicly funded health care program' shall mean care for services rendered by a State or local government or any facility thereof, health care service for which payment is made under the medical assistance program established by the department or by its fiscal intermediary, or by an insurer or organization with which the department has contracted to furnish such services or to pay providers who furnish such services. For the purposes of this section, 'privately funded health care' means medical care coverage contained in accident and health insurance policies or subscriber contracts issued by health plan corporations and nonprofit health service plans, certificates issued by fraternal benefit societies, and also any medical care benefits provided by self

1. 42 Pa.C.S. §§ 7531–7541.

2. Act of June 13, 1967, P.L. 31, *as amended*, added by the Act of July 10, 1980, P.L. 493, *as amended*, 62 P.S. §§ 1409(a)(1)–(4).

insurance plan including self insurance trust, as outlined in Pennsylvania insurance laws and related statues.

(2) If such a person receives health care furnished or paid for by a publicly funded health care program, the insurer of his private health care coverage shall reimburse the publicly funded health care program, the cost incurred in rendering such care to the extent of the benefits provided under the terms of the policy for the services rendered.

(3) Each publicly funded health care program that furnishes or pays for health care services to a recipient having private health care coverage shall be entitled to be subrogated to the right that such person has against the insurer of such coverage to the extent of the health care services rendered. Such action may be brought within three years from the date that service was rendered such person.

(4) When health care services are provided to a person under this section who at the time the service is provided has any other contractual or legal entitlement to such services, the secretary of the department shall have the right to recover from the person, corporation, or partnership who owes such entitlement, the amount which would have been paid to the person entitled thereto, or to a third party in his behalf, or the value of the service actually provided, if the person entitled thereto was entitled to services. The Attorney General may, to recover under this section, institute and prosecute legal proceedings against the person, corporation, health service plan or fraternal society owing such entitlement in the appropriated court in the name of the secretary of the department.

Clearly, under the above provisions, DPW is entitled to be subrogated to the rights of the four individuals in their Blue Cross Prime and Major Medical agreements. DPW furnished mental hospital services to these four individuals and is now entitled to assert its right to reimbursement. DPW has standing under Section 7533 of the Declaratory Judg-

ments Act[3] to bring this action to assert its interest in the subscription agreements.

■ Defendants next contend that even if DPW has standing to seek declaratory relief, DPW has failed to allege its basis for challenging the validity of defendants' exclusion of coverage for care at state psychiatric facilities. Specifically, defendants contend that DPW has neither alleged a single fact to support its request that such exclusion be declared illegal nor stated the law which it believes such exclusion violates.

This contention is also erroneous. In paragraphs 9 and 10 of its complaint, DPW alleges:

9. Under the 'Blue Cross Prime' agreement, Blue Cross agreed to pay for inpatient psychiatric care for up to 30 days per calendar year with a maximum of 120 days during any single period of hospitalization.

10. Under the 'Major Medical Prime' agreement, Blue Cross and Blue Shield agreed, subject to a $250.00 deductible, to pay for 50% of the charges for inpatient psychiatric care up to a lifetime maximum of $25,000.00.

In addition DPW attached copies of the Blue Cross Prime and Major Medical Prime agreements to its complaint. Those agreements do not appear to contain an express exclusion for payment of services rendered at state operated psychiatric hospitals.[4] As a result, we conclude that

**3.** Section 7533 of the Declaratory Judgments Act, 42 Pa.C.S. § 7533 provides:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

**4.** (1) Article 3(b) of the Blue Cross Prime agreement provides:

No benefits are available nor will they be provided under this Subscription Agreement for:

b. An illness or injury for which the Subscriber is not legally obligated to pay or services which are covered, with or without

DPW has stated a cause of action for declaratory relief interpreting the provisions of the subject subscription agreements.

Defendants also contend that DPW has failed to state a cause of action for money damages. Again, defendants argue that DPW has no standing under the subscription agreements to support a cause of action and that under the agreements, defendants have no obligation to pay for these services. For the same reasons that we concluded that DPW has stated a cause of action for declaratory relief, we also conclude that DPW has stated a cause of action for money damages. The interpretation of the subscription agreements is pivotal to defendant's obligation to pay for the treatment rendered the four individuals.

■ Defendants' final objection is that DPW's complaint should be dismissed due to the pendency of a prior action. Specifically, defendants contend that DPW had commenced an earlier similar action against Blue Cross and Blue Shield in the Court of Common Pleas of Allegheny County. Defendants contend the present action is identical to that action in that the parties, the putative causes of action, the putative rights of DPW, and the relief sought are identical.

In *Feigley v. Jeffes*, 104 Pa.Commonwealth Ct. 540, 522 A.2d 179 (1987) this Court examined the doctrine of *lis pendens*. In *Feigley*, this Court stated:

> *Lis pendens* is a valid defense only when the parties, the causes of action and the relief sought are the same in both actions. *Procacina v. Susen*, 301 Pa.Superior Ct. 392, 447 A.2d 1023 (1982). And, the burden is on the moving party, here, the respondents, to show that, in each

charge, under the law or regulations of the Veteran's Administration, Medicare, or the National Health Service.

(2) Article 4(3) of the Major Medical Prime agreement provides: The following shall in no event be considered Covered Major Medical Expenses:

3. Expenses to the extent paid, or which the Subscriber is entitled to have paid, or to obtain without cost, in accordance with law or the regulations of Medicare, government facilities, and the National Health Service;

case, the same parties are involved, the same rights asserted, and the same relief sought. *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa.Commonwealth Ct. 96, 372 A.2d 1258 (1977). Furthermore, a mere assertion that prior actions are pending will not satisfy the burden. *Feigley,* 104 Pa.Commonwealth Ct. at 546, 522 A.2d at 182.

However, as DPW notes the contracts involved in the Allegheny County case are different from the ones in the present action. The contracts involved in the Allegheny County action are employer sponsored and thus that action will be governed by the provisions of the Employee Retirement Income Security Act[5] while the subscription agreements in the present action are non-group direct pay agreements which are not subject to the federal statute.

In the present case, the defendants have not met their burden of establishing that the same rights have been asserted or the same relief sought. As a result, we conclude that the defense of the prior pending action is not applicable to the present case.

The preliminary objections of defendants Blue Cross and Blue Shield are overruled.

### ORDER

AND NOW, this 17th day of January, 1990, the preliminary objections of defendants Blue Cross of Western Pennsylvania and Medical Service Association of Pennsylvania in the above-captioned proceeding are overruled. Defendants are hereby directed to file an Answer to the plaintiff's Complaint within 30 days.

---

5. 29 U.S.C. §§ 1001–1461.