**Grafton DAVIS, Jr., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, c/o Office of Attorney General, and Philadelphia County Court of Common Pleas, Respondents,**

**Gwendolyn B. TUCKER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, c/o Office of Attorney General, and Philadelphia County Court of Common Pleas, Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.
Decided June 2, 1995.

---

158

Alan B. Epstein, for petitioners.

Sandra W. Stoner, Deputy Atty. Gen., for respondent, Com. of Pennsylvania.

Michael D. Jones, for respondent Philadelphia County Court of Common Pleas.

Before DOYLE, Judge and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Grafton Davis, Jr. (Davis) and Gwendolyn B. Tucker (Tucker) have filed consolidated appeals from identical orders of the State Board of Claims (Board) dismissing their complaints against the Philadelphia County Court of Common Pleas (Court of Common Pleas) and the Commonwealth of Pennsylvania (Commonwealth). The Board held that it did not have jurisdiction over the claims because there was no contract between the parties and sustained that part of the preliminary objections filed by the Office of the Attorney General on behalf of the Commonwealth.

Davis was hired by the Court of Common Pleas in May of 1971 in the Pre–Trial Service Division as an investigator and was promoted in 1987 to the position of Superintendent of Warrants in that same division. Tucker was hired in January of 1981 by the Court of Common Pleas as a Court Program Analyst III (Assistant to the Chief Probation Officer) with the Adult Probation Department, and was promoted in July of 1985 to the position of Director of Training and Staff Development, a Court Program Analyst V position. As a result of a reduction in work force, both Davis and Tucker were discharged from their positions on June 28, 1991.

On July 28, 1992 and August 6, 1992, respectively, Davis and Tucker filed actions in the United States District Court for the Eastern District of Pennsylvania (District Court) asserting a claim under 42 U.S.C. § 1983 and a claim for breach of contract against the Court of Common Pleas. On July 28, 1993 and August 10, 1993, respectively, the District Court dismissed their claims under 42 U.S.C. § 1983 with prejudice. The District Court also dismissed the claims for breach of contract "for lack of federal jurisdiction without prejudice to plaintiff[s'] right to initiate an action in state court and/or before an appropriate administrative agency within thirty (30) days." (Original Record).

In response to the District Court's dismissal of his action, Davis filed a complaint on August 26, 1993 with the Board against the Court of Common Pleas and the Commonwealth alleging that he had been discharged without just cause in violation of the court's Administration Personnel Regulations. He also alleged that he was denied an appeal hearing that was required under the Administration Personnel Regulations 8.061, 8.0611, and 8.0612. Davis further contended that he suffered damages in excess of $50,000 as a result of the breach of contract that resulted from his discharge.[1] Similarly, Tucker filed a complaint against the Court of Common Pleas with the Board on September 7, 1993 making the identical allegations and requesting the same damages.

The Court of Common Pleas filed an Answer with New Matter denying that the employment of Davis and Tucker was governed by it's Administration Personnel Regulations or that those regulations constituted a contract of employment. It further alleged that Davis and Tucker were discharged as a result of a system-wide reduction in force mandated by the Pennsylvania Supreme Court. Under new matter, the Court of Common Pleas alleged that the complaints were not timely filed and were barred by the statute of limitations, that Davis and Tucker were at-will employees, and that the Board lacked jurisdiction over the claims because there was no contract between the parties.

Likewise, the Commonwealth filed preliminary objections[2] in the nature of a demurrer to the complaints alleging that:

---

1. Specifically, he alleged that "he has suffered a loss of employment, earnings and earnings potential, employee benefits, pension benefits, humiliation, loss of self-esteem and painful diminution of his ability to provide for himself and his family with the earned rewards of his chosen profession. It is further the Plaintiff's position that he has suffered a severe loss of professional status and reputation in the community."

2. Preliminary objections were a proper method of raising the affirmative defense of the statute of limitations because the defense appears on the face of the pleadings under attack and Davis and

(1) the claim was time barred by the applicable statute of limitations;

(2) the Board lacked jurisdiction because it was a common law tort action sounding in trespass;

(3) Davis and Tucker had failed to state a cognizable claim against the Commonwealth; and

(4) the Commonwealth was not a proper party.

Addressing the statute of limitations problem first, the Board explained that pursuant to Section 6 of the Act of May 20, 1937 (Act), P.L. 728, *as amended,* 72 P.S. § 4651-6, all causes of action have to be filed with the Board within six months from the date the cause of action accrued. Because Davis and Tucker were terminated on June 28, 1991 and their complaints were not filed with the Board until August and September of 1993, respectively, the Board stated the claims appeared to be time barred.

However, Davis and Tucker argued that their complaints should not be time barred because they did not know that the Board was the proper forum until they received the decisions of the District Court. The Board stated that a party could not extend the statute of limitations and the jurisdiction of the Board by filing before the wrong tribunal in the hopes that the tribunal would direct the party to the Board. It concluded that it had "grave doubts" that the complaints had been timely filed; nonetheless, it proceeded to decide the merits of the complaints.

■ The Board determined that it did not have jurisdiction to entertain Davis and Tucker's complaints because its jurisdiction only extended to contracts entered into between a plaintiff and the Commonwealth where the request for recovery exceeded $300, and it found that no written employment contract existed between Davis and the Court of Common Pleas or Tucker and the Court of Common Pleas. As such, the Board found that Davis and Tucker had failed to state a cause of action against the parties. Finally, the Board noted that in light of its determination of the other issues, it would not address whether the Commonwealth was a proper party. This consolidated appeal by Davis and Tucker followed.[3]

On appeal, Davis and Tucker do not fully address the Board's doubts about the timeliness of their complaints. Rather, they contend that the Board erred in dismissing their complaints because an employment contract existed between them and the Court of Common Pleas, and they were not terminated for just cause as required by the Court of Common Pleas' Administration Personnel Regulations. However, even though the Board did not squarely address the timeliness of the two complaints, that issue was preserved by the parties and, before reaching the contract issue, we will first determine whether their complaints were in fact time barred by the statute of limitations.

■ Pursuant to 72 P.S. § 4651-6, the Board lacks jurisdiction over claims not brought before it within six months after they have accrued. A claim "accrues" when a party is able to litigate his or her claim— i.e., when the amount due under the claim is known and the claimant is able to prepare a detailed statement of claim as required under Section 6 of the Act.[4] *Philanthropic Consultants, Inc. v. Department of General Ser-*

---

Tucker did not file preliminary objections to the Commonwealth's preliminary objections. *Factor v. Goode,* 149 Pa.Commonwealth Ct. 81, 84 n. 2, 612 A.2d 591 (1992), *petition for allowance of appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993). Even if the Commonwealth's preliminary objections were improper, the statute of limitations issue was properly before the Board through the Court of Common Pleas' answer raising it as new matter.

3. Our scope of review of an order of the Board is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Vartan v. Commonwealth,* 151 Pa.Commonwealth Ct. 86, 616 A.2d 160 (1992); *petition for allowance of appeal denied,* 535 Pa. 627, 629 A.2d 1386 (1993).

4. Section 6 of the Act provides in relevant part:

The claimants shall advise the department involved in writing of such claim, specifying the details thereof, and shall, within the same period, file with the secretary of the board a concise and specific written statement of this claim, signed and verified by the claimant before an officer authorized to administer oaths.

*vices,* 155 Pa.Commonwealth Ct. 460, 625 A.2d 198, *petition for allowance of appeal denied,* 535 Pa. 650, 633 A.2d 154 (1993). Generally, claims not brought before the Board within the six-month limitation period are time barred. *Department of Public Welfare v. School District of Philadelphia,* 107 Pa.Commonwealth Ct. 117, 527 A.2d 1094 (1987); *Department of Public Welfare v. Shapiro,* 91 Pa.Commonwealth Ct. 64, 496 A.2d 887 (1985).

■ Davis and Tucker's claims accrued on June 28, 1991, the date they were terminated but they did not file their complaints with the Board for more than two years, well after the six-month statute had expired. While they argued before the Board that they did not initially know they had to file their complaints with the Board and only found out they had to do so when advised by the District Court on July 28 and August 10, 1993, a lack of knowledge of the proper forum in which to file a complaint does not toll the statute of limitations. Once the statute of limitations has run, the only way it may be tolled is if a party can be estopped from claiming the statute as a defense. *Department of Transportation v. Dyberry Sand & Gravel, Inc.,* 117 Pa.Commonwealth Ct. 101, 542 A.2d 650 (1988), *petition for allowance of appeal denied,* 524 Pa. 623, 571 A.2d 385 (1989). Quoting from *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 92–93, 204 A.2d 473, 475 (1964), we stated in *Dyberry:*

[I]f through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of limitation of action. The burden of proving the existence of such fraud or concealment is upon the asserting party by evidence that is clear, precise and convincing. It is also well established that mere negotiations toward an amicable settlement afford no basis for an estoppel, *nor do mistakes, misunderstandings or lack of knowledge in themselves toll the running of the statute. . . .*

*Dyberry,* 117 Pa.Commonwealth Ct. at 105, 542 A.2d at 652 (citations omitted) (emphasis in original).

Davis' and Tucker's claim that the statute should be tolled because they did not know they should have filed their complaints with the Board does not meet their burden for the application of equitable estoppel.

■ Davis and Tucker also argue that their actions were not barred because under 28 U.S.C. § 1367(d), when their federal claims were dismissed, they had thirty days to file a state action raising the breach of contract claims. The federal statute states that the period of limitations for a claim over which federal courts have supplemental jurisdiction is tolled while the federal action is pending and for a period of thirty days thereafter. 28 U.S.C. § 1367(d). This federal provision for the tolling of the statute of limitations is also reflected in state law in Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103:

(a) If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth,[5] where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. . . .

(b)(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim . . . a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United

---

**5.** In subsection (d) of 42 Pa.C.S. § 5103, the Board of Claims is expressly included in the definition of "tribunal", as used in that section.

States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, *such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth....*[6] (Emphasis and footnotes added).

■ Although these provisions act to keep alive an action filed in the wrong tribunal, they do not act to extend the filing date in the tribunal to which the action is transferred. Both 28 U.S.C. § 1367(d) and 42 Pa.C.S. § 5103 only toll the statute of limitations as of the date the action was filed in the first tribunal, here the District Court. Once the case is transferred, for statute of limitation purposes, it is treated as if filed in the proper tribunal on the date that it was filed in the first tribunal. Davis and Tucker filed their District Court actions on July 28, 1992 and August 6, 1992, respectively. However, because their action accrued on June 28, 1991 when they were dismissed from their jobs, the six-month statute of limitations for an action before the Board had run and could not be tolled by the federal actions. *See Williams*, 395 Pa.Superior Ct. at 515, 577 A.2d at 909.

■ Because Davis and Tucker did not file their federal court action within the statute of limitations, there could be no transfer of that action to the Board. Under 72 P.S. § 4651–6, therefore, the Board lacked jurisdiction to hear the claim because it was not filed before it within the statute of limitations.[7] Accordingly, the decision of the

Board dismissing their complaints is affirmed and we need not address the remaining issues raised by the petitions for review.

### ORDER

AND NOW, this 2nd day of June, 1995, the orders of the Board of Claims dated April 6, 1994, dismissing the complaints filed by Grafton Davis, Jr. and Gwendolyn B. Tucker, are affirmed.

DOYLE, J., concurs in the result only.

---

**6.** Davis and Tucker did not effect a transfer of their case from the District Court by filing a certified transcript of the judgment in compliance with 42 Pa.C.S. § 5103(b)(2). *Williams v. F.L. Smithe Machine Company, Inc.*, 395 Pa.Superior Ct. 511, 516–17, 577 A.2d 907, 910 (1990), *petition for allowance of appeal denied*, 527 Pa. 650, 593 A.2d 422 (1991). In fact, they did not even raise the fact that the federal action had

been filed and dismissed until their responses to the Court of Common Pleas' new matter and to the Commonwealth's preliminary objections.

**7.** We do not address whether the Board of Claims would otherwise have jurisdiction over these claims.