**C.S., Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 11, 2005.

Decided Aug. 3, 2005.

---

C.S., petitioner, pro se.

Catherine A. Allgeier, Erie, for intervenor, Erie County Office of Children and Youth.

BEFORE: FRIEDMAN, J., and LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

C.S. (Petitioner) petitions for review, *pro se,* of an adjudication of the Bureau of Hearings and Appeals, Department of Public Welfare (Department) dismissing his request to expunge a report of indicated child abuse as untimely filed under the Child Protective Services Law.[1] The Department refused to hear Petitioner's appeal *nunc pro tunc,* finding that Petitioner did not make the case for such an appeal. Thereafter, the Secretary of Public Welfare (Secretary) granted Petitioner's request for reconsideration and subsequently, in a separate order, directed the Department to conduct a hearing on the question of whether Petitioner's request for expungement should be granted.

The background to this case, as presented by Petitioner in his brief, is as follows. In 1997, the Erie County Office of Children and Youth Services (Agency) received a complaint that Petitioner's son, Z.S., age 7 years, had developed bruises on his face. Petitioner is a single father. He admitted that the bruises resulted from Petitioner's efforts to make Z.S. take his morning medication, but he denied that he intended to hurt Z.S.[2] Since this incident, Petitioner has learned how to handle his son more effectively, and he has devoted his energies to helping Z.S. realize his potential. With a new diagnosis, improved treatment and numerous therapies, Z.S. has improved.[3] He is a gifted child (with an I.Q. testing at 151), who is accomplished in classical piano, baritone and trombone; he plays with the Greater Erie Youth Symphony Orchestra as well as with the school band. Petitioner's experience in dealing with the challenge of raising Z.S. has inspired Petitioner to obtain a degree in psychology, but he cannot complete his internship without an Act 33 clearance.

In 1997, the Agency investigated Z.S.'s facial bruising and it issued an "indicated

---

1. 23 Pa.C.S. §§ 6301–6385.

2. Petitioner alleged that "[t]here is really no good reason for the marks on [Z.S.]'s face ... other than trying to persuade him to take his medicine. At that time, I was uneducated as to his condition." Intervenor Brief, Appendix C.

3. In his brief to this Court, Petitioner indicates that Z.S. has had various misdiagnosed medical disorders since birth, requiring medi-

cation. His current diagnosis includes Asperger Syndrome. Asperger disorder is defined as, "(1) a pervasive developmental disorder characterized by severe and enduring impairment in social skills and restrictive and repetitive behaviors and interests, leading to impaired social and occupational functioning but without significant delays in language development." Stedman's Medical Dictionary at 525 (27th ed.2000).

report"[4] of child abuse, which was submitted to the statewide ChildLine Abuse and Registry.[5] In a letter dated February 28, 1997, the Department notified Petitioner that the Agency had identified him as a perpetrator of child abuse and that the indicated report would remain on file in the State and County offices until Z.S. attained the age of 23. The Department advised Petitioner that he could request, within 45 days, the Secretary to amend or destroy the indicated report, if he believed that the report was inaccurate. The letter stated, "If this request is denied, perpetrators *may* have a right to a hearing." Certified Record, Exhibit C–2 (emphasis added).

On September 3, 2003, Petitioner sent a letter to the Secretary requesting expungement of the indicated report. On October 15, 2003, the Department informed Petitioner that it could not consider his request because it had not been filed within 45 days of the issuance of the February 28, 1997, notice. On October 29, 2003, Petitioner appealed, seeking permission to file an appeal *nunc pro tunc*, stating, "[t]he best explanation I have for not requesting the appeal before was ignorance. I did not understand what my responsibilities were and how I could ask for an appeal." Intervenor's Brief at Appendix E. The Department did not oppose Petitioner's request for a *nunc pro tunc* appeal.

However, the Agency intervened in Petitioner's appeal and moved for its dismissal. The administrative law judge considered the positions of the Petitioner and of the Agency and recommended dismissal of Petitioner's appeal. The Department adopted this recommendation and dismissed Petitioner's appeal in an order dated March 1, 2004. The Department's order informed Petitioner of his right to file a request for reconsideration with the Secretary within 15 days of its order and of his right to file a petition for review with this Court within 30 days. On March 9, 2004, Petitioner requested the Secretary to reconsider the dismissal of his appeal, and on March 29, 2004, Petitioner filed a petition for review with this Court.

On April 9, 2004, the Secretary granted Petitioner's request for reconsideration. On July 29, 2004, the Secretary vacated the Department's March 1, 2004, order and directed the Department to conduct a hearing on whether Petitioner's report of indicated abuse should be expunged. The Department then filed with this Court a praecipe to strike this appeal for the rea-

4. An "indicated report" of child abuse is made by the investigating agency when it determines that substantial evidence of the alleged abuse exists based on any of the following: available medical records, the child protective services investigation, or an admission of abuse by the perpetrator. 23 Pa.C.S. § 6303.

A report can also be filed as "founded," in which case there has been a judicial determination that the child has been abused, or as "unfounded," in which case there has been neither a judicial nor an administrative finding of abuse. *Id.*

5. The Department which operates a statewide toll-free system for receiving reports of sus-

pected child abuse, refers the reports for investigation and maintains the reports in the appropriate file. 55 Pa.Code § 3490.4; 23 Pa.C.S. § 6332. A report of suspected child abuse by the appropriate county agency can be "found" or "indicated." In either case, the information concerning suspected child abuse is removed immediately from the pending complaint file and placed in the statewide central register. After the report is placed in the statewide central registry, the perpetrators must be notified that their ability to obtain employment in a child-care facility or school may be adversely affected. 23 Pa.C.S. § 6338.

son that Petitioner had been granted a hearing on the question of whether his indicated abuse report should be expunged. On September 2, 2004, this Court granted the praecipe to strike the appeal.

In response, the Agency moved to dismiss the hearing ordered by the Secretary, contending that the Secretary did not have jurisdiction to grant reconsideration because she did not do so within 30 days of the March 1, 2004, order, as required in Pa. R.A.P. 1701(b)(3).[6] The Agency also intervened in Petitioner's appeal with this Court and moved to vacate this Court's order of September 2, 2004, striking petitioner's appeal. On September 29, 2004, this Court reinstated Petitioner's petition for review.

On appeal, Petitioner presents four issues.[7] In his first two issues, which we will address together, Petitioner contends that the delay in filing the request for expungement was caused by the Agency's error in not properly informing him of his appeal rights.[8] Next, Petitioner contends that he established entitlement to an appeal *nunc pro tunc* because of a breakdown in the administrative process, as demonstrated in the Secretary's order of April 9, 2004. Finally, Petitioner argues that the Agency erred in finding that Petitioner intentionally injured his son when he grabbed Z.S. in order to persuade him to take his medication and accidentally injured him.

6. Pa. R.A.P. 1701 provides, in pertinent part,
 **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

 * * *

 (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
 (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and
 (ii) *an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these* rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.
 *A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review* of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note

 on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.
 Pa. R.A.P. 1701(b)(3).

7. Our standard of review of the Department's decision is limited to determining whether the adjudication violates constitutional rights or is not in accordance with the Child Protective Services Law or whether the findings of fact are supported by substantial evidence. *K.S. v. Department of Public Welfare*, 129 Pa.Cmwlth. 31, 564 A.2d 561, 563 (1989).

8. Specifically, Petitioner contends that the Agency erred when one of its social workers incorrectly explained to Petitioner the intended outcome of the social services provided in Petitioner's home. Further, Petitioner argues that the Agency's social worker erred when she told Petitioner that, by fulfilling home appointments with her, Petitioner was complying with all requirements.

The threshold question is whether the Secretary's decision to grant Petitioner a hearing has mooted Petitioner's appeal. The Secretary granted Petitioner's request for reconsideration within 30 days of Petitioner's filing; however, she was required to grant reconsideration within 30 days of the Department's order. Pa. R.A.P. 1701(b)(3). There is no question that reconsideration was not timely granted. However, that is not dispositive of whether Petitioner's hearing may proceed under the Secretary's order of July 29, 2004.

■ The Child Protective Services Law provides, in relevant part, as follows:

(a) **General rule.**—At any time:

(1) The secretary may amend or expunge any record under this chapter upon good cause shown and notice to the appropriate subjects of the report.

(2) Any person named as a perpetrator, and any school employee named, in an indicated report of child abuse may, within 45 days of being notified of the status of the report, request the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter.

23 Pa.C.S. § 6341(a). In *J.C. v. Department of Public Welfare*, 720 A.2d 193 (Pa. Cmwlth.1998), this Court explained the difference between an expungement order that originates under 23 Pa.C.S. § 6341(a)(1) from one that originates under 23 Pa.C.S. § 6341(a)(2). An alleged perpetrator of child abuse may require the Department to hold a hearing where an expungement request is denied, if he requests expungement within 45 days of being notified of the indicated report of abuse. The only exception to the 45 day rule is where an alleged perpetrator can show a basis for a *nunc pro tunc* appeal. *Id.* at 197. On the other hand, the Secretary retains the authority under Section 6341(a)(1) to expunge a report "at any time." However, if the Secretary chooses not to order an expungement pursuant thereto, her decision may not be challenged in an administrative hearing.

■ The implications of this statutory scheme for this case are as follows. Petitioner may demand a hearing under Section 6341(a)(2) only if he can demonstrate the basis for a *nunc pro tunc* appeal. The Secretary, at any time, may decide to order an expungement pursuant to Section 6341(a) without regard to whether the initial request was filed within 45 days. In short, the Secretary's July 29, 2004, order, which appears to have been granted pursuant to 23 Pa.C.S. § 6341(a)(1) was not bound by any time limits. Accordingly, it is irrelevant that her grant of reconsideration was untimely because reconsideration was directed to Petitioner's efforts to demand a hearing under another statutory provision, *i.e.*, 23 Pa.C.S. § 6341(a)(2).

■ In any case, we believe that the denial of Petitioner's request to appeal *nunc pro tunc* must be reversed. The failure to appeal an administrative agency's action in a timely fashion is a jurisdictional defect. *J.C.*, 720 A.2d at 197. An appeal *nunc pro tunc* will be allowed only where the petitioners delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counsel or a third party. *Id.*

The notice from the Department triggered Petitioners 45–day deadline for requesting a hearing. 23 Pa.C.S. 6341(a)(2);

55 Pa.Code 3490.105a(a).[9] Petitioners request for expungement was postmarked September 6, 2003, more than six years after the Department issued its notice. Only by allowance of a *nunc pro tunc* appeal may Petitioner proceed. Whether a delay is one day or six years late, however, does not change the analysis with respect to a *nunc pro tunc* appeal.

Section 6341(c) of the Child Services Law gives an alleged perpetrator of child abuse an absolute right to a hearing on whether an indicated report should be expunged. It states:

> **(c) Review of refusal of request.**—If the secretary refuses the request under subsection (a)(2) or does not act within a reasonable time, but in no event later than 30 days after receipt of the request, the perpetrator or school employee shall have the right to a hearing before the secretary ... to determine whether ... the indicated report ... should be amended or expunged.... *The perpetrator or school employee shall have 45 days from the date of the letter giving notice of the decision to deny the request in which to request a hearing. ... The burden of proof in the hearing shall be on the appropriate county agency.* The department shall assist the county agency as necessary.

23 Pa.C.S. § 6341(c) (emphasis added). The Legislature also directs that the Department's notice of the report inform the alleged perpetrator of his right to a hearing. Section 6338(a) states as follows:

\* \* \*

*The notice shall also inform the recipient of his right, within 45 days after* *being notified of the status of the report, to appeal an indicated report, and his right to a hearing if the request is denied.*

23 Pa.C.S. § 6338(a) (emphasis added).

 Petitioner's notice did not satisfy these standards. Although Petitioner was informed that he had 45 days to request expungement from the Secretary, he was not informed of his absolute right to a hearing. Rather, he received the more equivocal advice that he "may" receive a hearing. Certified Record, Exhibit C–2. Section 6341(c) mandates that an alleged perpetrator who has made a request for a hearing will receive one, and at this hearing, the agency bears the burden of proving child abuse by the alleged perpetrator. This right is essential. Otherwise, citizens can have their ability to work at a job requiring an Act 33 clearance taken away on the basis of an investigator's report alone and not on the basis of a hearing at which the government agency claiming abuse bears the burden of proof. The equivocal notice given by the Department to Petitioner did not satisfy the exacting requirements of 23 Pa.C.S. § 6338(a) and, thus, this breakdown in the administrative process entitles Petitioner to file a *nunc pro tunc* request for expungement under 23 Pa.C.S. § 6341(a)(2).

For these reasons, we reverse the Department's adjudication.

### ORDER

AND NOW, this 3rd day of August, 2005, the order of the Bureau of Hearings and Appeals of the Department of Public

---

9. The adjudication stated that Petitioner was required to appeal within 45 days of the Agency's issuance of the report of indicated abuse, but this is not correct. It is the Department's notice that starts the clock running on the 45–day appeal period.

Welfare dated March 1, 2004, in the above-captioned matter is hereby reversed.