**LANCASTER NURSING CENTER**
**(Audubon Villa), Petitioner**

v.

**DEPARTMENT OF PUBLIC**
**WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2006.

Decided Nov. 28, 2006.

Publication Ordered Feb. 26, 2007.

Donald R. Reavey, Harrisburg, for petitioner.

Kathleen A. Grogan, Sr. Asst. Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Lancaster Nursing Center (Petitioner), a medical assistance program provider, contested an audit report of the Department of Public Welfare (DPW) and filed a medical assistance reimbursement claim against DPW with the Board of Claims (Board) on July 22, 1998. The Board transferred Petitioner's appeal to DPW's Bureau of Hearings and Appeals (Bureau) on November 29, 2005 after the Supreme Court's ruling in *Department of Public Welfare v. Presbyterian Medical Center of Oakmont*, 583 Pa. 336, 877 A.2d 419 (2005) (hereafter referred to as "transferred appeal"). By order dated February 17, 2006, the Bureau dismissed the transferred appeal as untimely because it was not filed within thirty days of DPW's notice of adverse action and because Petitioner already had a timely appeal before the Bureau contesting the same audit report at docket number 23–98–125.

Petitioner seeks reversal of the Bureau's February 2006 order and a remand with directions to the Bureau to accept the transferred appeal at Bureau docket number 94–05–372 as having been timely filed and to consolidate the transferred appeal with Petitioner's appeal filed in the Bureau on February 20, 1998 at docket number 23–98–125. Petitioner states in its questions for review that the Bureau erred in relying on *Davis v. Commonwealth*, 660 A.2d 157 (Pa.Cmwlth.1995), to support the dismissal; that it should be equitably estopped from asserting lack of jurisdiction in the Board given its prior accepted jurisdiction over similar reimbursement claims; that DPW's notice of adverse action was defective; that a remand is necessary for additional findings to determine whether Petitioner is entitled to *nunc pro tunc* relief; and that Petitioner was denied due process when the Bureau failed to hold a hearing to determine the *nunc pro tunc* relief.

Petitioner, a licensed long-term nursing care facility, participates in the Pennsylvania Medical Assistance Program under a medical assistance provider agreement with DPW. Reproduced Record (R.R.) at 2a. By transmittal letter of January 21, 1998, the Office of Medical Assistance Programs, Bureau of Long–Term Care Programs, issued a Statement of Allowable Cost for the six-month period ending December 31, 1995 (audit report) after examining information in Petitioner's financial and statistical reports (cost report). The Bureau determined that the information provided by Petitioner supports reimbursement for allowable costs for intermediate care in the sum of $220,536.96 and for heavy care in the sum of $82,255.68, or a total of $302,792.64. *See* Exhibit B, R.R. at 13a–17a.

By transmittal letter of February 3, 1998, the Office of the Budget issued a Final Cost Settlement Report (settlement report) signed by the Assistant Comptroller for Medical Assistance Programs after review of the audit report. The settlement report provided that Petitioner was due additional fees of $3,279.08 to settle its allowable costs of $302,792.64. R.R., Exhibit A at 10a–12a. On February 20, 1998, Petitioner timely appealed to the Bureau.[1]

---

1. 55 Pa.Code § 1101.84 provides in pertinent part:

(b) *Right to appeal interim per diem rates, audit disallowances or payment settlements.*

It challenged DPW's cost adjustments involving depreciation and interest on capital indebtedness and indicated that it may file an appeal in the Board without prejudice to the right to litigate the appeal filed in the Bureau. *See* Joint Stipulation to Supplement the Certified Record dated November 2, 2006.

On July 22, 1998, Petitioner filed its claim with the Board disputing certain of DPW's audit findings and the settlement report and alleging that DPW denied payment for care and services to medical assistance residents in excess of $300. Specifically, Petitioner contested the same cost adjustments to depreciation and interest on capital indebtedness raised in its appeal filed in the Bureau, albeit to some extent using different, adjusted sums, and it set forth other challenges to cost adjustments related to amortization and total general administration expenses. Petitioner included Count I-breach of contract; Count II-quasi contract; and Count III-breach of implied contract.

In its claim with the Board, Petitioner sought full payment for services just as it did in its appeal with the Bureau, which contained Petitioner's reservation of rights to add further items or issues identified during discovery, such as other computational errors made by DPW during the audit examination. R.R. at 2a–9a. In its answer and new matter, DPW averred that its regulations provided a full and complete remedy for Petitioner to resolve its disputes concerning the audit and settlement reports and claims for reimbursement, and it averred that Petitioner failed to exhaust its administrative remedy. Petitioner responded that the Board had exclusive jurisdiction over its claim. *See* Supplemental R.R. at 2b–20b.

After the Board transferred the appeal to the Bureau, the Bureau issued a rule on Petitioner to show cause why the transferred appeal should not be dismissed for untimeliness. Citing *Davis* the Bureau noted that Section 5103 of the Judicial Code, *as amended,* 42 Pa.C.S. § 5103, serves to keep alive actions filed in the wrong tribunal by tolling the statute of limitations as of the date the action is filed in the first tribunal but that Section 5103

(1) A hospital, nursing home or other provider reimbursed by the Department on the basis of an interim per diem rate that is retrospectively adjusted on the basis of the provider's cost experience during the period for which the interim rate is effective can appeal its interim per diem rate, the results of its annual audit or its annual payment settlement as follows:

. . . .

(ii) The Notice of Appeal from an audit disallowance shall be filed within 30 days of the date of the letter from the Bureau of Reimbursement Methods, Office of Medical Assistance, or the Bureau of State–Aided Audits, Office of the Auditor General, transmitting the provider's audit report. If a facility fails to appeal from the auditor's findings at audit, the facility may not contest the finding in another proceeding.

(iii) The Notice of Appeal of the final payment settlement shall be appealed within 30 days of the date of the letter from the Comptroller of the Department, advising the provider of the final settlement of accounts.

55 Pa.Code § 1181.101 further provides:

(a) A nursing facility has a right to appeal and have a hearing if dissatisfied with the Department's decision regarding:

. . . .

(2) The findings of the auditors in the annual audit report.

(3) The determination by the comptroller of the difference between the allowable costs certified by the auditors in the annual audit report, and the total allowance amount as shown on the interim billing.

. . .

(c) An appeal shall be taken within 30 days of the date that the facility is notified of the decisions in subsection (a). Findings contained in a facility's audit report which are not appealed by the facility within the 30–day limit will not be considered as part of subsequent appeal proceedings.

does not extend the filing date in the transferee tribunal.[2] Petitioner responded that the appeal should be deemed timely because it relied on years of case authority recognizing jurisdiction in the Board over reimbursement claims and that the Bureau had recognized such jurisdiction prior to *Oakmont.* It also responded that the doctrine of equitable estoppel applied because of DPW's misrepresentation and its reliance thereon; that 55 Pa.Code § 1181.1(d)(2) permits *nunc pro tunc* relief; that Petitioner filed an appeal in the Bureau; that *Davis* does not control this matter; and that the rule should be discharged and the transferred appeal be consolidated with the Bureau appeal.

■ On February 17, 2006, the Bureau dismissed Petitioner's transferred claim because a timely appeal was pending before the Bureau. The Bureau acknowledged Petitioner's response to the rule to show cause that an appeal had been filed in the Bureau under another docket number and that the transferred appeal should be consolidated with it. Because both docket numbers pertain to the same matter and nothing was offered to show that separate evidence or facts existed, the Bureau concluded that there was no need for duplicate appeals. Also, Petitioner did not establish that the transferred appeal was timely when 55 Pa.Code §§ 1101.84, 1187.141(2)(e) and 1181.101(c) and (d) require appeals to be filed within thirty days of a DPW notice of adverse action.[3] The Bureau stated that its order did not affect Petitioner's timely appeal before the Bureau.

■ Petitioner argues that the Bureau's reliance on *Davis* is misplaced and that to now deny Petitioner a hearing on the merits because of *Oakmont* would be inherently unfair and contrary to law. Petitioner asserts that, unlike the employees in Davis, it was not ignorant of the law when it filed its appeal with the Board because it relied upon years of case precedent holding that the Board was the proper forum for filing these reimbursement claims. On the other hand, assuming that Section 5103(a) of the Judicial Code applied, DPW maintains that the Bureau was required to treat the transferred appeal as though it was originally filed with the Bureau on July 22, 1998. Because the transferred appeal was filed well beyond the thirty-day appeal period applicable to Bureau appeals, the transferred appeal was untimely. Additionally, the facts here are similar to those in *Davis.*

2. Section 5103 of the Judicial Code provides in pertinent part:

(a) **General rule.**—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

3. The Court's review is limited to determining whether the Bureau's adjudication was in accordance with the law, whether the findings of fact were supported by substantial evidence and whether any constitutional rights have been violated. *See Snyder Memorial Health Center v. Department of Public Welfare,* 898 A.2d 1227 (Pa.Cmwlth.2006).

In *Davis* certain former Commonwealth employees filed wrongful discharge/breach of contract actions in July/August 1992 in federal court against the Court of Common Pleas and the Commonwealth based on the employees' June 28, 1991 termination. One year later in 1993, the federal court dismissed the wrongful discharge claims with prejudice and dismissed the breach of contract claims without prejudice for lack of subject matter jurisdiction, subject to the right of the employees to pursue action in state court and/or appropriate administrative agency in thirty days. The employees filed complaints with the Board, which dismissed them because they failed to state a cause of action and appeared to be time barred. On appeal, this Court held that the Board lacked jurisdiction over the complaints because they were not filed within six months after they accrued under 72 P.S. § 4651.6, and the statute of limitations could be tolled only if a party can be estopped from claiming the statute as a defense. The mere lack of knowledge of the proper forum in which to file a complaint does not toll the statute. The Court concluded that Section 5103 does not "extend the filing date in the tribunal to which the action is transferred." *Id.* at 162. This section only tolled the statute of limitations as of the date the action was filed in the first tribunal. *Id.*[4]

With regard to the equitable estoppel issue, Petitioner maintains that DPW may not assert lack of jurisdiction in the Board over reimbursement claims given DPW's history of recognizing the Board's jurisdiction in similar matters. Citing *Baldwin Health Center v. Department of Public Welfare*, 755 A.2d 86 (Pa.Cmwlth.2000), DPW notes that to establish an equitable estoppel claim Petitioner must show misleading words; conduct or silence by DPW; unambiguous proof that Petitioner reasonably relied on the agency's misrepresentation; and Petitioner's lack of duty to inquire. DPW argues that Petitioner did not establish equitable estoppel because it timely appealed DPW's audit findings and citing *Department of Public Welfare v. Blue Cross of Western Pennsylvania*, 130 Pa.Cmwlth. 507, 568 A.2d 995 (1990), posits that the doctrine of *lis pendens* is a valid defense to the claim because the parties, the cause of action and the relief sought are the same in both appeals.

In *Oakmont* the medical assistance provider argued that equitable estoppel applied to preclude DPW from asserting that the Board lacked jurisdiction over reimbursement claims because DPW originally advocated for jurisdiction in the Board and case law conferred jurisdiction in the Board over these claims. The Supreme Court affirmed this Court's holding that the Board lacked jurisdiction, and it rejected the appellant's equitable estoppel argument after concluding that there was a substantial change in DPW's position regarding the Board's jurisdiction that began in or around the late 1990s. The court held that the appellant's position was offset by its awareness of the change in DPW's position as well as the "availability of a federally-prescribed, alternative forum with associated judicial review that would have alleviated the jurisdictional component of the conflict." *Id.*, 583 Pa. at 354, 877 A.2d at 431. Because Petitioner failed to show DPW misrepresentation, fraud or concealment, the Court rejects the conten-

---

4. In *Falcon Oil Co., Inc. v. Department of Environmental Resources*, 148 Pa.Cmwlth. 90, 609 A.2d 876 (1992), the Court repeated that Section 5103 requires an appeal improperly filed in a tribunal to be transferred to the appropriate tribunal and be treated as if it was filed on the date filed with the erroneous tribunal. *See Suburban Cable TV Co., Inc. v. Commonwealth*, 131 Pa.Cmwlth. 368, 570 A.2d 601, 611 (1990).

tion that equitable estoppel applies. At no time was Petitioner prevented from filing a timely appeal.

The Court has acknowledged and discussed the arguments presented regarding *Davis*, but it need not decide whether *Davis* supports dismissal of the transferred appeal because that decision has been made in *The Baptist Home of Philadelphia v. Department of Public Welfare*, 910 A.2d 760 (Pa.Cmwlth.2006) (holding that *Davis* had no precedential value and that appeals such as Baptist Home's appeal require a hearing on the merits if timely filed in the Board of Claims prior to effective date of Subchapter C of Title 62). In any event, Petitioner has an adequate remedy to seek relief through the timely appeal it filed in the Bureau. The transferred appeal challenges the same cost adjustments but adds other challenges related to adjustments in amortization and total general administration expenses. Because no basis exists for duplicate appeals, the Court affirms dismissal of the transferred appeal on this ground alone.

■ In *Blue Cross of Western Pennsylvania*, 568 A.2d at 998, the Court quoted the following proposition from *Feigley v. Jeffes*, 104 Pa.Cmwlth. 540, 546, 522 A.2d 179, 182 (1987): "*Lis pendens* is a valid defense only when the parties, the causes of action and the relief sought are the same in both actions.... And, the burden is on the moving party ... to show that, in each case, the same parties are involved, the same rights asserted, and the same relief sought." (Citations omitted.) DPW met this burden.[5] The Court therefore affirms the Bureau's order and remands

this matter for the Bureau to proceed with the appeal at docket number 23–98–125, subject to Petitioner's right to supplementation of the errors that it claimed.

### ORDER

AND NOW, this 28th day of November, 2006, the Court affirms the February 17, 2006 order of the Department of Public Welfare, Bureau of Hearings and Appeals dismissing the appeal transferred by the Board of Claims to the Bureau of Hearings and Appeals for the reasons indicated. This matter is remanded with directions to the Bureau to proceed with the appeal of Lancaster Nursing Center at Bureau docket number 23–98–125 in accordance with the foregoing opinion.

Jurisdiction is relinquished.

---

**5.** As a final matter, in *C.S. v. Department of Public Welfare*, 879 A.2d 1274, 1279 (Pa. Cmwlth.2005), the Court held that "[a]n appeal *nunc pro tunc* will be allowed only where the petitioner[']s delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counsel or a third party." This equitable remedy is not available to Petitioner because such extraordinary circumstances have not been shown. Also, the Court need not address the defective notice issue.