# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Helen Veseley through        :
Trinity Living Center, L.P.,      :
             Petitioner   :
                      :
      v.              :
                      :
Department of Public Welfare,  :   No. 2220 C.D. 2014
            Respondent  :   Submitted: July 2, 2015

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: September 25, 2015

Helen Veseley (Veseley), through Trinity Living Center, L.P. (TLC) (Petitioner), petitions this Court for review of the Department of Public Welfare's (DPW)[1] November 10, 2014 Final Administrative Action Order affirming the Administrative Law Judge's (ALJ) decision dismissing Petitioner's appeal as untimely. Petitioner presents two issues for this Court's review: (1) whether the ALJ violated Veseley's due process rights by denying her an evidentiary hearing on her appeal's timeliness; and (2) whether the Mercer County Assistance Office's (CAO) dismissal of Veseley's appeal constitutes grounds to allow an appeal *nunc pro tunc*. After review, we affirm.

---

[1] Effective November 24, 2014, DPW was officially renamed the Department of Human Services. *See* Act of June 13, 1967, P.L. 31, added by Section 2 of the Act of September 24, 2014, P.L. 2458, 62 P.S. § 103(a) (effective November 24, 2014). However, because all the proceedings occurred before the official name change, we will refer to Respondent as DPW herein.

On December 6, 2012, Veseley was admitted to TLC, a long term care nursing facility. On January 9, 2013, the CAO received an application for Medical Assistance (MA) Long-Term Care (MA/LTC) benefits filed on Veseley's behalf. The application was completed and signed by Veseley's daughter Shirley Wilson (Wilson), who is Veseley's legally-appointed Power of Attorney (POA). On February 22, 2013, the CAO sent an MA/LTC denial notice (Notice) to Veseley denying her MA/LTC benefits application for failure to be interviewed and complete the application process. No appeal was filed by Veseley, TLC or her POA within the applicable time period. TLC appealed from the Notice on July 28, 2014, over a year after the Notice date. On October 31, 2014,[2] the ALJ dismissed Petitioner's appeal as untimely. Petitioner appealed to DPW's Bureau of Hearings and Appeals. On November 10, 2014, DPW affirmed the ALJ's decision. Petitioner appealed to this Court.[3]

Petitioner first argues that the ALJ violated Veseley's due process rights by denying Veseley an evidentiary hearing on the timeliness of her appeal. We disagree.

Initially, we recognize that Section 275.1 of DPW's Regulations provides in pertinent part:

> (a) *Right to appeal and have a fair hearing.* The policy with regard to the right to appeal and have a fair hearing will be as follows:
>
> (1) The freedom of the applicant or recipient to request a hearing is a fundamental right and is not to be limited or interfered with in any way.

---

[2] The order incorrectly states the date as October 31, 2013.

[3] "Our scope of review in an appeal of an adjudication of . . . DPW is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence." *Karpinski v. Dep't of Pub. Welfare*, 13 A.3d 1050, 1052 n.3 (Pa. Cmwlth. 2011).

(2) The regulations contained in this chapter, in accordance with the law, afford every person applying for or receiving a money payment, [MA], food stamps or services the right to appeal from a Departmental action or failure to act and to have a hearing if he is dissatisfied with a decision refusing or discontinuing assistance in whole or in part.

(3) As used in this chapter, the term departmental includes, in addition to County Assistance Offices, agencies which administer or provide social services under contractual arrangements with [DPW].

(4) The term assistance as used in this chapter means a money payment, [MA], food stamps and services.

(i) *Right of appeal.* Therefore, the opportunity for a hearing will include the right of appeal from the following:

(A) A denial, suspension or discontinuance in whole or in part.

(B) A change in the amount of payment.

(C) A denial, discontinuance, reduction or exclusion from a Departmental service program including the failure to take into account the client's choice of a service or a determination that he must participate in a service program.

. . . .

(b) *Objectives of appeals and fair hearings.* The objectives of appeals and fair hearing will be as follows:

(1) To afford applicants and recipients an opportunity for an impartial, objective review of decisions, actions and delays, or in actions made by County Assistance Offices and [DPW].

(2) To settle the issue or issues raised by the client in requesting a hearing and to produce a clear and definitive decision setting forth the findings of [DPW].

(3) To contribute to uniformity in the application of Departmental regulations.

(4) To reveal aspects of Departmental regulations that are deficient, inequitable, or constitute a misconstruction of law.

55 Pa. Code § 275.1. However, Section 275.3 of DPW's Regulations states, in relevant part:

(b) *Time limitations on right to appeal.* An applicant or recipient must exercise his right of appeal within the following time limits. **Appeals which do not meet the following time limitations will be dismissed without a hearing**:

(1) **Thirty days from the date of written notice** of a decision or action by a County Assistance Office[.]

55 Pa. Code § 275.3 (emphasis added).

Petitioner cites *Martin v. Department of Public Welfare*, 514 A.2d 204, 208 (Pa. Cmwlth. 1986) for its holding: "[W]here the timeliness of an appeal turns on factual considerations, an applicant must be afforded a hearing in which those considerations are explored and an opportunity must be given to the applicant **to offer proof in support of a claim that an appeal was timely filed . . . .**" Petitioner's Br. at 14 (emphasis added). However, Petitioner does not proffer any undisputed facts which would support a claim that the appeal was timely filed. Rather, the record evidence makes clear that DPW mailed a copy of the Notice to TLC on February 22, 2013, informing TLC that it had "been designated to receive a copy of [the] [N]otice on behalf of [Veseley] . . . ." Reproduced Record (R.R.) at 3a. The Notice provided that "[Veseley's] eligibility for benefits ha[d] been reviewed and [she] did not qualify for [MA/LTC][4] because [she] did not finish the process to see if [she] qualif[ied]." *Id.* The Notice further advised: "If you do not agree with this decision, fill out the enclosed Fair-Hearing form, then mail it or give it to your

_____

[4] This sentence was written twice, i.e., once in reference to MA and again in reference to LTC.

caseworker by March 24, 2013." *Id.* It is undisputed that Petitioner did not appeal from that decision until July 28, 2014. R.R. at 1a.

Further, upon receipt of the appeal, DPW forwarded a Rule to Show Cause (Rule) to Petitioner to explain why Petitioner believed the appeal was timely. In response to the Rule, Petitioner averred:

> Despite repeated assurances to [TLC] that [Wilson] would sign authorizations permitting [TLC] to represent Veseley in the MA process and obtain [Veseley's] financial information to complete Vesel[e]y's first MA application, [Wilson] repeatedly refused to do so. **As a result of [Wilson's] conduct, neither Veseley nor [TLC] [was] able to protect their interest and file an appeal of the denial which is the subject of this case**.
>
> Based upon this evidence the [CAO] entered into a Stipulation approving Vesel[e]y's appeal of the third application.[5]

R.R. at 10a (emphasis added). Contrary to Petitioner's claim, Veseley signed an admission agreement (Agreement) with TLC on December 7, 2012, expressly providing: "The undersigned authorizes [TLC] to appeal on behalf of the resident any decision by the County Assistance Office which would deny the resident eligibility for [MA] and act as the resident's agent throughout the appeal process, including at administrative hearings." R.R. at 114a. Wilson's conduct did not prevent Petitioner from filing a timely appeal, as TLC was specifically assigned that right pursuant to the Agreement, and was notified of that right in the Notice. Thus, Petitioner was not entitled to a hearing on the timeliness of Veseley's appeal. Accordingly, Veseley's due process rights were not violated by DPW denying her an evidentiary hearing.

Petitioner next argues that CAO's dismissal of Veseley's MA/LTC benefits application constitutes grounds to allow an appeal *nunc pro tunc* because the

---

[5] Notably, Petitioner **timely** appealed from the denial of the third MA/LTC application. *See* R.R. at 68a.

application was denied due to Wilson's failure to keep her interview appointment. Petitioner specifically contends that, based on a February 20, 2009 Medicaid-LTC Policy Clarification (Clarification), said interview was not required.

"[A]n appeal *nunc pro tunc* will be allowed only where the petitioner[']s delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counsel or a third party." *Lancaster Nursing Ctr. v. Dep't of Pub. Welfare*, 916 A.2d 707, 712 n.5 (Pa. Cmwlth. 2006) (quoting *C.S. v. Dep't of Pub. Welfare,* 879 A.2d 1274, 1279 (Pa. Cmwlth. 2005)). Petitioner does not dispute that Veseley's appeal was filed untimely; rather, it claims an inequity in the dismissal because Wilson did not act in Veseley's best interests. Petitioner's claim lacks merit because the record clearly establishes that TLC could have timely appealed from the CAO's decision upon its receipt of the Notice.

Moreover, the Clarification that Petitioner relies upon provides:

Policy Clarifications
Medicaid - Long Term Care
PMN14623404

Agency: CAOs
Citations:

Subject: LTC Application/Renewal Interview Requirements
Is the CAO required to complete an interview on all LTC applications/renewals?

Response By: Division of Health Services Date: 02/20/09

No, LTC applications and renewals do not require a telephone or face-to-face interview. **However[,] if there is conflicting information or if the application is incomplete, the CAO may cho[o]se to schedule either a telephone or face-to-face interview in order to obtain additional information needed to determine eligibility.**

Petitioner's Br. at Appendix A (emphasis added). In addition, Section 125.84(c) of DPW's Regulations states that "[a] personal interview with an applicant is required." 55 Pa. Code § 125.84(c).

Given that the Clarification still gives the CAO the **option** of scheduling an applicant interview, and Section 125.84(c) of DPW's Regulations expressly **requires** an applicant interview, the CAO's denial of benefits on that ground is not a basis for *nunc pro tunc* relief. Indeed, while the alleged inequity in the application's dismissal may go to the merits of the appeal itself, it is not a cause for the delay in filing the appeal. Therefore, this Court concludes that DPW did not err in determining that Petitioner's appeal was untimely and dismissing it pursuant to Section 275.3(b) of DPW's Regulations.

For all of the above reasons, DPW's order is affirmed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Helen Veseley through
Trinity Living Center, L.P.,  :
              Petitioner  :
                                                       :
                v.  :
                                                       :
Department of Public Welfare,  :    No. 2220 C.D. 2014
              Respondent  :

O R D E R

AND NOW, this 25ᵗʰ day of September, 2015, the Department of Public Welfare's November 10, 2014 Final Administrative Action Order is affirmed.

_____
ANNE E. COVEY, Judge