## NORRISTOWN MUNICIPAL WASTE AUTHORITY

v.

## WEST NORRITON TOWNSHIP MUNICIPAL AUTHORITY and West Norriton Township, Appellants.

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1997.

Decided Jan. 7, 1998.

David C. Onorato, Lansdale, for Appellants.

Jennifer W. Brown, Blue Bell, for Appellee.

Before DOYLE and LEADBETTER, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

West Norriton Township Municipal Authority (West Norriton) and West Norriton Township (collectively, Appellants) appeal from the September 9, 1997 order of the Court of Common Pleas of Montgomery County (trial court) granting the petition for preliminary injunction filed by Norristown Municipal Waste Authority (Norristown Authority) and directing West Norriton to pay Norristown Authority the sum of $225,000.00. We affirm.

Norristown Authority owns and operates a wastewater treatment plant serving a region which encompasses West Norriton Township and the Borough of Norristown (Borough). The treatment plant was previously owned and operated by the Borough. In 1985 the Borough and West Norriton entered into an agreement under which both parties would share proportionately the operating and maintenance expenses of the plant. The agreement states that the Borough shall maintain a capital and maintenance reserve fund of $250,000.00. The agreement specifies that accrued interest and "Act 339" funds shall be deposited to the account up to a maximum limit of $250,000.00 and that any reserve fund balance in excess of the maximum is to be divided proportionately between the Borough and West Norriton.

Norristown Authority was formed in August of 1993 and purchased the wastewater treatment plant from the Borough on January 1, 1994. Since that time, Norristown Authority has continued providing wastewater treatment services for West Norriton. However, after making a partial payment for the first quarter of 1996, West Norriton ceased making payment for services received.[1]

On August 5, 1997, Norristown Authority filed a complaint in equity against West Norriton seeking mandatory injunctive relief, as well as relief based on breach of contract,

quantum meruit and unjust enrichment. On the same day, Norristown Authority also filed a Petition for Temporary Restraining Order/Preliminary Injunction seeking an order directing West Norriton to pay the sum of $749,495.30, representing amounts due under invoices for 1996 and the first quarter of 1997.

The trial court held a hearing on Norristown Authority's petition on September 3, 1997 and issued an order September 9, 1997, granting the preliminary injunction.[2] The order directed West Norriton to pay $225,000.00 to Norristown Authority within ten days and provided that payment would be made without prejudice to any future determination by the court.[3] Appellants filed an appeal to the Superior Court, which transferred the matter to this Court by order dated October 28, 1997, pursuant to Section 762 of the Judicial Code, 42 Pa.C.S. § 762.

On appeal from a trial court's granting a preliminary injunction, our role does not include an inquiry into the merits of the controversy. *Township of South Park v. County of Allegheny*, 163 Pa.Cmwlth. 273, 641 A.2d 20 (1994), *petition for allowance of appeal denied*, 541 Pa. 647, 663 A.2d 697 (1995). Our scope of review is limited to determining whether the record reflects any apparently reasonable grounds for the trial court's action. *Id.* We will interfere with the trial court's decision if there are no grounds supporting the grant of a preliminary injunction or if the trial court relied on a rule of law that was palpably erroneous or misapplied. *Id.*

In order to obtain the preliminary injunction, Norristown Authority had to establish that: 1) the injunction is necessary to prevent immediate and irreparable harm not compensable by damages; 2) greater injury would result by refusing to grant such relief; 3) the injunction will restore the parties to the status quo; and 4) Norristown Authority

---

1. In January of 1996, West Norriton filed a complaint against Norristown Authority alleging breach of contract.

2. Also on September 9, 1997 the trial court granted the petition to intervene filed by West Norriton Township. Thereafter, West Norriton

Township filed preliminary objections to Norristown Authority's complaint in equity.

3. This sum represents the total outstanding balance sought by Norristown Authority less the approximate sum of money West Norriton claims is owed to it by Norristown Authority.

**512**

had a clear right to relief. *Gueson v. Reed*, 679 A.2d 284 (Pa.Cmwlth.1996). The requisites of a preliminary injunction are cumulative, and if one element is lacking, relief may not be granted. *Id.*

Appellants argue that Norristown Authority failed to prove the first element, i.e., that it would suffer immediate and irreparable harm absent an injunction, and Appellants maintain that Norristown Authority has an adequate remedy at law.[4] Having reviewed the record, we disagree.

Dean Miller, Norristown Authority's executive director, testified that Norristown Authority did not have the funds necessary to continue to meet operating expenses and to make a substantial bond payment coming due. Miller testified that Norristown Authority had tried unsuccessfully to get a line of credit from its bank. He also explained that $250,000.00 of Norristown Authority's present funds constituted a reserve fund that could not be used for operation and maintenance of the plant under the terms of the agreement.

Approximately forty per cent of the total water flow treated by the plant comes from West Norriton, which, under the formula for apportioning expenses provided in the agreement, means that West Norriton is responsible for funding a sizeable portion of the plant's operating budget. And, as noted by the trial court, Norristown Authority does not have the option of discontinuing services as an inducement for West Norriton to pay the monies owed. Norristown Authority is bound to continue its services to West Norriton under its permit to operate from the Commonwealth as well as under the agreement.

We conclude that the record contains substantial evidence to support the trial court's determination that failure by West Norriton to make payment would jeopardize the continued operation of the wastewater plant and pose an unacceptable threat to the health, safety and welfare of the residents of Norristown and West Norriton.

As we affirm the trial court's determination that Norristown Authority satisfied the "immediate and irreparable injury" requirement, we must reject Appellants' argument that Norristown Authority has an adequate remedy at law. A civil action for money damages, which might take years to reach conclusion, would not be adequate to protect the public served by Norristown Authority from the immediate threat posed by West Norriton's refusal to make payments.

Accordingly, the order of the trial court granting Norristown Authority's petition for preliminary injunction is affirmed.

### *ORDER*

NOW, January 7, 1998, the order of the Court of Common Pleas of Montgomery County, dated September 9, 1997, is affirmed.

---

4. Appellants also argue that the Norristown Authority's petition for equitable relief is barred by the pendency of a prior action, citing Norristown Authority's counterclaim to the complaint filed earlier by West Norriton. Lis pendens is a valid defense only when the parties, the causes of action and the relief sought are the same in both actions. *Department of Public Welfare v. Blue Cross of Western Pennsylvania*, 130 Pa.Cmwlth. 507, 568 A.2d 995 (1990). As Norristown Authority did not request equitable relief against West Norriton in the pending prior action, the doctrine of lis pendens does not apply.

We also reject Appellants' argument that the doctrine of laches bars this action, as Appellants do not assert any prejudice from the alleged delay. *Richland Twp. v. Prodex, Inc.*, 160 Pa. Cmwlth. 184, 634 A.2d 756 (1993).

Finally, in light of the parties' course of conduct since January of 1994 and the complaint filed by West Norriton alleging breach of conduct by Norristown Authority, we conclude that West Norriton is estopped from arguing that Norristown Authority has not established capacity to sue under the agreement.