IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Liberty Place Retail Association, :
Philadelphia Liberty Place LP, PA - :
1601 Market Street LIM, Independence :
Center Realty LP, CR 1700 Property :
Owner LLC, Cummins Ellen-Deane, :
SRI Eleven 1818 Market LLC, :
Bellevue Associates, 1760 Market Partners, :
L.P., 1912-20 Arch Street Associates, L.P., :
2040 Market Street Associates Owner, L.P., :
Panco CC Rittenhouse Row Exchange, L.P. :
and Rittenhouse Row Investors, L.P ., :
William Penn House, Inc., Rittenhouse Plaza, :
Inc., 1326 Chestnut Owner LLC, BJP 1021 :
Owner LLC, BJP 106-114 Owner LLC, :
Thomas Jefferson University, BJP 123-127 :
Owner LLC, BJP 15-21 Owner LLC, BJP :
Chestnut Owner LLC, Rittenhouse Claridge LP, :
1627 PS Associates LP, South 12th Street :
Owner L, 2400 Locust Associates, 2901 Welsh :
Road Associate, 3-05 Chester A V LLC, 306 :
South Street Owner LLC, 308 South Street :
Owner LLC, 4100 Longshore Ave Longshore :
Arms, 4333 Kelly Drive Association LP, 509 Vine :
St. TCE LP., a PA Limited Partnership, 524 South :
Street Owner LLC, 526 South Street Owner LLC, :
530 South Street Owner LLC, 538 South Street :
Owner LLC, 700 South Street Owner LLC, :
777 South Broad Street Associates, 7th St. :
Chestnut Associates, 909 Group LP, AL RE :
Properties LLC, Algonquin Associates, Andover :
Court Apartments, AP Rad Venture, Archworks :
Philadelphia LLC and Archworks Investment LP, :
Awbury Apts 2013 LP, Bainbridge SR, Barrie :
Place 2002 LP, Belmont Investments 2012, :
Beyerwood 95 Realty Association, Borinquen :
Plaza Association, Bradford Ryan 86 Association, :
Broad and Pine Associates, Broad and South :
Associates, Broad and Spruce Associates, :
Broad Plaza LP, Broadmore 2004 LP, Centra :
Associates, Centra Associates LP, Chapel Croft :
Holdings LP, Charter Court Apartments, :

Cheswal LP, Cheswal LPP,                          :
Cliveden 2002 LP, Cliveden Wayne Associates,      :
Congress Hall 2004 LP, Corporation of the         :
Presiding Bishop, Crestwood Properties 2004       :
Matzmiach Yeshua LLC, Delaware Avenue LLC,        :
Delaware Valley Real Estate, Domino Lane          :
Partners LP, EasyFine Asia Ltd., Edmund Street    :
Properties, Elkins Apartment Partners, Everett    :
Court Associates, Fairfield Aprts 2014 LP,        :
Fernhill Park Apartments, Foodarama              :
Markets, Gateway Enclave LP, Giannascoli          :
Realty Group, Goldmont Realty Corporation,        :
Green Lion Group LLC, H R Brainbridge,            :
Hampshire House Investments and Hampshire         :
House Partners, Hedley Street LLP, Hill House     :
Apartment Association, HMC OLS II LP, Honey       :
Nuts LLC, JAR Chocolate Works LP, JAR            :
Packard Property LP, JAR Strawberry Court         :
LP, JAR Trinity LP, JAR Waterfront LP, Johnson    :
Court Investors LP and Johnson Court Partners     :
LP, Kentwood Associates Inc., L B Real Estate     :
Holdings, L3C Alden Park Apartments TIC          :
I LLC, Langdon 2007 Associates and Langdon        :
Street Investment, Lawndale 99 Associates L,      :
Level Place Owner LLC and ECU2002                :
Passyunk LLC, Lobro Associates, Medary           :
Court Apts LP, Michael Axelrod TR, Michael        :
Young Trust, Mighty Richmond House LLC,          :
MPD Management Co., MREF401 LP, Mutual           :
Associates LTD, Netherfield Corporation,          :
Northeast Apart Association LP and Bassman        :
Family LP NE LLC, One Riverside Associates,       :
Overseers of Public School William Penn          :
Charter School, Oxford Apartment Partners         :
LP, Oxford Manor 2002 LP, Parametric Garage      :
Associates, Park Bradford Apartments, Parker      :
Place Partners LP, Parkside Walnut LLC, Paseo     :
Verde New Market LP, Phila Auth Ind Dev,         :
Phila Auth Ind Dev c/o Atwen Assoc, Phi1Pe1m     :
North Joint Venture, PIDC Financial              :
Corporation, Pike Street LLC, Rhawn Terrace       :
2002 LP, Robert Court Associates, Roosevelt       :

Bowling Partners, RSW Premier Holdings LLC, :
S R Bainbridge ST, Sansom Asset Management, :
Schuylkill Park, SIDCO Associates, Six Penn :
Center Associate, Soskin Milton TR and Soskin :
Miriam TR, SREP Regency Apts LP, Station :
Realty Holdings LLC, Stenton House Apt LP, :
Transit Village Affordable, IRS Univ. of Penn, :
W & W Realty LLC, Wadsworth Manor Partners, :
Wallingford 2007 Associate, Washington Service :
Corp, Welsh 2007 Associates LP and Longshore :
TSNY Associates, William D. Staffieri, William :
Staffieri, Windsor Associates Ltd., Windsor :
Estates Apts LP, Windsor Terrace Apts LP, :
Winmont Apartment Partner, Wood St. Assoc. :
LP, WWW Premier Holdings LLC, 1015 Chestnut :
Street Associates, LP, 1220 Sansom Associates, :
1222 Arch Street Partners, LP, 123-29 Chestnut :
Street Associates, 1520 Locust Street Associates, :
L.P., 1608 Walnut Street Associates, LP, 18th & :
Sansom Street, L.P., 19th & Sansom Corporation, :
2031 South Street Associates, L.P., 2045 :
Associates, L.P., 2114 Arch Street Associates, :
LP, 2121 Market Street Associates, L.P., 218 :
Arch Street Associates, L.P., 2301 JFK Owner LP, :
2311 Spruce St Partners,  235 S 15th Street :
Partners, 23rd Street Garage VII, L.P., 2663 :
Partners, L.P., 312 Walnut Street Associates, :
L.P., 600 North Broad Associates, LP., :
622 Owner L.P., 625 Vernon Road, L.P., 701 :
Sansom St Partners LP, 822 Pine Street LLC, :
913 Wallace Street Associates, L.P., Alvin N. :
Shapiro, Carlyle 1612 South Street, L.P., :
CPI/APG Pepper Building Owner, L.L.C., :
Embassy Associates, Empire Building Partners, :
Executive House Investors, L.P., Fishers :
Crossing Realty L.P., et al., G2S2 Associates, :
L.P., JB Venture 4 LLC, KC House LLC, :
Knockwood Associates, L.P., L-A 1229 :
Chestnut Street, L.P., LA 1300 Chestnut :
Associates, L.P., Leelo Properties, Leroy E. :
Kean Family Foundation, Leroy E. Kean, :
et. al., Market Street Apartment Associates :
LLC, Midtown Associates, LP, Parkway :

Associates, PM Owner L.P., PMC 33 N
22nd Street Associates LP, SAB Holdings,
L.P., et. al., Savoy Properties, Spruce 1530,
LLC, Temple University, et. al., USRE 339
S 13th LP, USRE 412 S 13th LP, Walnut
Square Partners, Ltd., Washington Square
Partners, L.P., Wister Green Armstrong 525,
LP

                      v.

City of Philadelphia and the Board of
Revision of Taxes

Appeal of:  Board of Revision of Taxes

: 
: 
: 
: 
: 
: 
: 
: 
: 
: 
:  No. 824 C.D. 2018
:  Argued:  September 9, 2019
: 
: 
: 
: 
: 
: 

Mifflin Street Associates, LP, LMM
Associates, 135 S. 18th St. Associates,
L.P., CLBW Associates, L.P., and Highland
Holmesburg Associates, L.P.

                      v.

City of Philadelphia, and School District of
Philadelphia

Appeal of:  Board of Revision of Taxes of the
City of Philadelphia

: 
: 
: 
: 
: 
: 
:  No. 1145 C.D. 2018
:  Argued:  September 9, 2019
: 
: 
: 
: 
: 
: 


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ROBERT SIMPSON, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED:  October 29, 2019


        In these consolidated appeals, the Board of Revision of Taxes (Board)

of the City of Philadelphia (City) appeals the orders of the Philadelphia County

Court of Common Pleas (trial court) granting the petitions of the owners of commercial properties (Taxpayers) in the City to preliminarily enjoin the tax assessment appeals pending before the Board during the pendency of Taxpayers' constitutional challenges to the reassessment of the properties before the trial court. We affirm.

As noted by the trial court, there are approximately 579,000 taxable properties in the City, over 500,000 of which are residential properties and 65,000 are commercial, industrial, or institutional properties. In March 2017, the City issued a press release announcing that it would reassess to current market value all commercial, industrial, and institutional properties for the 2018 tax year, and for all taxable properties, including residential properties, for the 2019 tax year.

In September 2017, a number of commercial property owners, lessees, or responsible taxpayers (Plaintiffs) filed 13 lawsuits seeking refunds of the increased taxes, alleging that the City's selective reassessment violated the Uniformity Clause of Article 8, Section 1 of the Pennsylvania Constitution, Section 8565(b)(2) of the Consolidated First Class County Assessment Law (Consolidated Assessment Law), 53 Pa. C.S. §8565(b)(2), and Section 2-305(iii) and (iv) of the Philadelphia Code. *See Duffield House Associates L.P., et al. v. City of Philadelphia, et al.* (C.C.P. Phila., No. 1536 September Term, 2017, filed July 17, 2019) (*Duffield House*), slip op. at 4-5.

As explained by the trial court herein, "On January 25, 2018, after extensive oral argument, the [*Duffield House*] court, in relevant part, overruled the preliminary objections filed by the City and the Board," determining that the "[P]laintiffs were not required to exhaust their administrative remedies [before challenging the reassessments] because they demonstrated that (1) they had raised

2

a substantial constitutional challenge in the form of an as-applied constitutional challenge, and (2) the administrative appeals process was inadequate." *Liberty Place Retail Association, et al. v. City of Philadelphia and the Board of Revision of Taxes* (C.C.P. Phila., No. 05379 January Term, 2018, filed October 26, 2018) (*Liberty Place*), slip op. at 3 (citations omitted). "The trial court also held that the [P]laintiffs' complaint stated a claim upon which relief can be granted because it adequately alleged that the City improperly engaged in spot assessments and/or partial assessments of commercial properties that were not done pursuant to a multi-year county-wide reassessment, *i.e.* the City unconstitutionally engaged in disparate treatment of a subclass of property for tax assessment purposes." *Id.* (citation omitted and emphasis in original).

Plaintiffs then sought injunctive relief staying the administrative appeals that they had filed with the Board. Over a year of discovery ensued, followed by an eight-day trial. *See Liberty Place*, slip op. at 4-5; *Duffield House*, slip op. at 2. On February 15, 2018, in *Duffield House*, the trial court issued an order granting a preliminary injunction enjoining the City's 2018 tax assessments and staying the Board hearings. Reproduced Record (R.R.) at 84a-85a. Ultimately, on the merits, the *Duffield House* court issued a decree: (1) striking the unconstitutional reassessments of the Plaintiffs' properties for the 2018 tax year; (2) resetting the assessments of the properties to the assessments for the 2017 tax year; (3) requiring Plaintiffs to pay real estate property taxes for the 2018 tax year based on the assessments for the 2017 tax year; (4) directing the relevant City entities to process and remit a refund of taxes by July 1, 2021, based on the difference between stricken reassessments and the reinstated assessment, with

3

interest at the legal rate; and (5) dismissing Plaintiffs' pending Board appeals as moot. *Duffield House* July 17, 2019 Decree. *See also Liberty Place*, slip op. at 6.

While the *Duffield House* case was pending, Taxpayers herein in *Liberty Place* and *Mifflin Street Associates, L.P., et al. v. City of Philadelphia and School District of Philadelphia* (C.C.P. Phila., No. 793 April Term, 2018, filed November 15, 2018) (*Mifflin Street*) also filed complaints in the trial court alleging that the reassessments were unconstitutional. In addition, Taxpayers filed petitions for preliminary injunctions to enjoin the Board from acting on their tax assessment appeals during the pendency of their constitutional challenges to the reassessments before the trial court, and the Board filed preliminary objections to the petitions. The trial court overruled the preliminary objections as "procedurally inappropriate." *See Mifflin Street*, slip op. at 4 n.3 ("Although the Board filed preliminary objections to the petition for preliminary injunction, the trial court determined that preliminary objections were procedurally inappropriate. *See, e.g.*, Pa. R.C.P. [Nos.] 206.2, 1017(a), and 1028(a).").

With respect to the requested preliminary injunctions in *Liberty Place* and *Mifflin Street*, the "parties agreed to incorporate the evidence and testimony presented in the prior *Duffield House* hearing as part of the record" in disposing of the petitions[1]; however, the parties stipulated to an affidavit of the Board's

---

[1] The *Mifflin Street* certified docket entries show that, by the April 26, 2018 order, the trial court consolidated *Duffield House*, *Liberty Place*, and *Mifflin Street* "for purposes of scheduling, discovery, [and] motion practice with the lead case being [*Duffield House*]. Provided, however, that any petition for injunctive relief shall remain in the motions program as assigned." R.R. at 265a. *See also id.* at 104a n.2 ("Pursuant to the Stipulation, the [trial court] does retain jurisdiction over the [Board] 'only for purposes related to the preliminary injunction entered against the [Board] by order of the [trial court] docketed on February 15, 2018[, in *Duffield House*].'").

4

Executive Director offered in opposition to the requested injunctive relief. *Liberty Place*, slip op. at 7. *See also* Supplemental Reproduced Record (S.R.R.) at 255b-258b. The affidavit "stated that for the 2018 tax year, 2,900 commercial appeals were pending," that "the Board is 'able to review an average of 600 appeals per month,'" and "that it would ultimately take the Board an estimated three to six months to hear [Taxpayers'] appeals if they were considered in the normal course." *Liberty Place*, slip op. at 7 (citation omitted). The Executive Director "did not claim any other harm or impact to the Board if the trial court stayed [Taxpayers'] appeals, *e.g.*, that the Board would suffer from an overcrowded docket or incur increased costs as a result of a stay." *Id.* In *Mifflin Street*, "[t]he Board did not file any other response to [Taxpayers'] Petition for Preliminary Injunction" other than the preliminary objections. *Mifflin Street*, slip op. at 2. Ultimately, the trial court granted the petitions for preliminary injunctions and the Board filed the instant appeals in *Liberty Place* and *Mifflin Street*[2] of the trial court's orders.[3]

---

[2] By December 6, 2018 order, this Court granted the motion to consolidate the appeals.

[3] As this Court has explained:

> On appeal from a trial court's granting a preliminary injunction, our role does not include an inquiry into the merits of the controversy. Our scope of review is limited to determining whether the record reflects any apparently reasonable grounds for the trial court's action. We will interfere with the trial court's decision if there are no grounds supporting the grant of a preliminary injunction or if the trial court relied on a rule of law that was palpably erroneous or misapplied.

*Norristown Municipal Waste Authority v. West Norriton Township Municipal Authority*, 705 A.2d 509, 511 (Pa. Cmwlth. 1998) (citations omitted). Our level of deference to the trial court's order is also dictated by the nature of the preliminary injunction that has been issued:

**(Footnote continued on next page…)**

The Board first claims that the trial court lacked and/or usurped its statutory subject matter jurisdiction in granting the preliminary injunction in *Liberty Place* while Taxpayers' tax appeals were pending before the Board because the Board had no involvement in the City's reassessment process, *i.e.*, a lack of standing. The Board argues that in *Board of Revision of Taxes v. City of Philadelphia*, 4 A.3d 610, 626 (Pa. 2010), the Supreme Court addressed the Board's role in the assessment process, noting that the Consolidated Assessment Law retained its status as a quasi-judicial appeal body that functions outside of City control with respect to the reassessments themselves. As explained in *Board of Revision of Taxes*, while the Board's assessment-making function was removed from its jurisdiction, its mandate to adjudicate all assessment appeals in the first instance pursuant to Section 14(a) of the First Class County Assessment Law[4]

---

**(continued…)**

> An injunction can be either preventative or mandatory in nature. While the purpose of all injunctions is to preserve the *status quo*, prohibitory injunctions do this by forbidding an act or acts while mandatory injunctions command the performance of some specific act that will maintain the relationship between the parties. Thus, preventative injunctions maintain the present status of the parties to the litigation by barring any action until the litigants' rights are adjudicated on the merits. Mandatory injunctions require the performance of a positive action to preserve the *status quo*, are subject to greater scrutiny, and must be issued more cautiously than preventative injunctions.

*Shepherd v. Pittsburgh Glass Works, LLC*, 25 A.3d 1233, 1241 (Pa. Super. 2011) (quotation marks and citations omitted). The preliminary injunction issued herein is prohibitory.

[4] Act of June 27, 1939, P.L. 1199, *as amended*, 72 P.S. §5341.14(a) ("Any person aggrieved by any assessment as the same shall be fixed following revision of assessments . . . may file an appeal therefrom with the board."). *See also* Section 14(e), 72 P.S. §5341.14(e) **(Footnote continued on next page…)**

6

remains. *Id.* The Board asserts that where, as here, it no longer has any role in the City's unconstitutional reassessment of the commercial properties, an injunction against its lawful appeal process is a direct and impermissible intrusion upon the General Assembly's well-defined and implemented subject matter jurisdictional platform. Any Board disposition of an assessment appeal is in turn appealable *de novo* to the trial court under Section 518.1 of the General County Assessment Law.[5] *Board of Revision of Taxes*, 4 A.3d at 624.

Nevertheless, the trial court rejected the Board's preliminary objection that a preliminary injunction would intrude on its jurisdiction and that it could not be enjoined in the appellate process due to its non-involvement in the unconstitutional reassessment process. Moreover, based on the trial court's subsequent *de novo* review of a Board appeal decision, the Board contends that the trial court's assertion that the Board could not adjudicate the ultimate constitutional question regarding the reassessments in these cases is unavailing.

The trial court properly exercised equity jurisdiction in these cases. Taxpayers were not required to exhaust their administrative remedy, i.e., their Board appeal, before proceeding in the trial court on their constitutional claims because they raised a "substantial constitutional issue" and there was not an adequate administrative remedy in the numerous assessment appeals.

---

**(continued…)**

("The board shall complete its hearings of appeals and shall dispose of all appeals before it as promptly as possible.").

[5] Act of May 22, 1933, P.L. 853, added by Act of December 28, 1955, P.L. 917, *as amended*, 72 P.S. §5020-518.1.

7

In *Valley Forge Towers Apartments N, LP v. Upper Merion School District*, 163 A.3d 962 (Pa. 2017) (*Valley Forge*), the Supreme Court sustained the invocation of equitable jurisdiction in common pleas court during the pendency of statutory assessment appeals in that court under a similar unconstitutional tax assessment scheme, and reversed dismissal of the equitable action by preliminary objection based on the pendency of the assessment appeals. *See id.* at 980 ("For the reasons given above, the School District's preliminary objections should not have been sustained.").

In that case, the relevant school district had decided to appeal the assessments of some of the properties within its boundaries, hiring Keystone Realty Advisors (Keystone), to advise it as to which properties that it should focus on for appeal. Based on Keystone's recommendation, the school district only concentrated appealing the assessments on commercial properties, including apartment complexes. The rationale was that these properties' values were generally higher than those of single-family homes in the district so that raising their assessments would result in a greater tax-revenue increase than reassessing under-assessed single-family homes, including those which were under-assessed by a greater percentage.

The appellants in that case (landowners) owned apartment complexes that the district appealed as under-assessed and pursuant to Section 8855 of the Consolidated County Assessment Law, 53 Pa. C.S. §8855 (granting districts the same right as taxpayers to pursue administrative appeals), which were denied by the relevant board of assessment appeals. The school district appealed the denials to the common pleas court under Section 8854(a) of the Consolidated County

8

Assessment Law, 53 Pa. C.S. §8854(a) (granting the parties to an administrative appeal with the right to seek judicial review of a board decision).

In assessing the propriety of permitting the landowners to seek equitable relief during the pendency of the assessment appeals, the Pennsylvania Supreme Court instructed:

> [C]ourts look to a number of factors to determine whether a complaint is appropriately filed directly in the common pleas court. These include: the adequacy of the legal remedy that can be afforded for the claimed violation; whether legal issues other than the proper valuation of the subject properties have been raised; whether the governmental policy in question is generally applicable to all properties; whether the administrative process has little to contribute to the resolution of the constitutional question raised; and whether, as a result, strict adherence to the statutory appeal process would lead to piecemeal litigation in the form of many individual *de novo* appeals to the trial court—all of which could be avoided through a single judicial proceeding aimed at reviewing the constitutionality of the challenged government actions.
>
> Notably, the adjudicatory process undertaken by the board of assessment appeals is solely directed at ascertaining the subject property's value and applying a ratio to that value.[6] The board is not given statutory power to alter this procedure, or to refuse to determine the proper assessment per the legislative directive, based on a uniformity claim relating to a taxing district's alleged scheme of selectively targeting a particular sub-classification of properties.

---

[6] *See* Section 14(b) of the First Class County Assessment Law, 72 P.S. §5341.14(b) ("In any appeal of an assessment the board shall make the following determinations: (1) The current market value for the tax year in question[;] (2) The common level ratio.").

9

The statutory appeals process is also not designed to provide the declaratory or injunctive relief [the taxpayers] seek, and moreover, strict adherence to it would implicate many of the concerns . . . pertaining to piecemeal litigation and the inadequacy of the statutory remedy. This undermines any suggestion that the present controversy is an inappropriate one for the exercise of equity jurisdiction,

*Valley Forge*, 163 A.3d at 970-71 (citations omitted).

The "as applied" selective reassessment claims asserted in the instant cases raise a substantial constitutional challenge that the Board is not empowered to adjudicate. Section 14(b) of the First Class County Assessment Law, 72 P.S. §5341.14(b); *Valley Forge*, 163 A.2d at 971. *See also Kowenhoven v. County of Allegheny*, 901 A.2d 1003, 1011 (Pa. 2006) ("Where . . . a legal remedy would result in a multiplicity of duplicative lawsuits and, in contrast, an action in equity would provide a tidy global resolution, this court has found the legal remedy to be inadequate."). As a result, contrary to the Board's assertion, the trial court did not err in exercising equity jurisdiction in these numerous cases based on the common substantive constitutional claims that were raised and the specific relief that was sought, or in issuing the instant appealed orders in *Liberty Place* while Taxpayers' tax appeals were pending before the Board. *Valley Forge*, 163 A.3d at 970-71.[7]

---

[7] As the Supreme Court explained long ago:

It is almost a work of supererogation to cite the perfectly familiar authorities that, in order to oust the equitable jurisdiction, the remedy or supposed remedy at law must be full, adequate, and complete; or that equitable jurisdiction does not depend on the want of a common-law remedy, but may be sustained on the ground that it is the most convenient remedy; or that the extension of the remedy at law to cases originally within the jurisdiction of a court of equity is no bar to a chancery proceeding for the same cause; or that equity seeks to prevent unnecessary litigation by

**(Footnote continued on next page…)**

10

The Board next claims that the trial court erred in determining that Taxpayers established the elements required for the grant of a preliminary injunction in *Liberty Place*. Specifically, the Board contends that there must first be a claim that the party against whom an injunction is sought breached some duty and violated the petitioners' rights. The Board preliminarily objected to Taxpayers' petitions "[b]ecause [it] played no role in setting [Taxpayers'] reassessments, [so that] the Complaint states no legally sufficient cause of action against the [Board]." R.R. at 99a. The Board contends that without an "essential" actionable claim against the party sought to be enjoined, there can be no preliminary injunction,[8] and the trial court's disregard of the six required elements to support the issuance of a preliminary injunction[9] causes the "substantial harm"

---

**(continued…)**

> disposing in any one proceeding of all the questions which arise affecting many persons; or that there must not only be a remedy at law, but it must be adequate, and reasonably convenient.

*Johnson v. Price*, 33 A. 688, 689 (Pa. 1896) (citations omitted).

[8] *See, e.g.*, *Maritrans GP, Inc. v. Pepper, Hamilton & Sheetz*, 602 A.2d 1277, 1283 (Pa. 1992) ("[W]e [have] declared it 'essential' that the 'activity sought to be restrained is actionable.' Activity is actionable if it constitutes breach of a duty imposed by statute or by common law.") (citations omitted).

[9] As the Supreme Court has explained:

> The six essential prerequisites that a moving party must demonstrate to obtain a preliminary injunction are as follows: (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages; (2) greater injury would result from refusing the injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings;

**(Footnote continued on next page…)**

11

that such a remedy is designed to prevent by breaching the statutory appeal scheme.

However, the Board proceeds on the argument that the trial court did not possess jurisdiction to enjoin the Board in the manner that it did. The Board's independence with respect to an appeal of the imposition of the 2018 tax assessments is not relevant in determining whether or not the trial court properly possessed equitable jurisdiction to issue the instant orders. Nothing in the trial court's orders staying the Board appeals encroaches upon the Board's statutorily-imposed appellate function. Rather, by exercising jurisdiction and issuing the instant injunctions, the trial court merely prevented the Board from adjudicating a number of appeals that ultimately became moot upon the trial court's ultimate determination that the 2018 tax assessments were unconstitutional and that the City must issue refunds in each of the cases. As outlined above, this is an appropriate exercise of the trial court's equitable powers. *Valley Forge*, 163 A.3d at 970-71. *See also Nether Providence Township v. Coletta*, 133 A.3d 86, 91 (Pa. Cmwlth. 2016) ("The purpose of a preliminary injunction is to preserve the *status quo* and prevent imminent and irreparable harm that may occur before the merits of the case can be heard and resolved. *Berger By and Through Berger v. West Jefferson Hill*

---

**(continued…)**

> (3) the preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the party seeking injunctive relief has a clear right to relief and is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and, (6) the preliminary injunction will not adversely affect the public interest.

*SEIU Healthcare Pennsylvania v. Commonwealth*, 104 A.3d 495, 501-02 (Pa. 2014) (citations omitted).

12

*School District*, 669 A.2d 1084, 1085 (Pa. Cmwlth. 1995).").  Because the trial court properly exercised jurisdiction in the instant matters to restrain the unconstitutional assessment of the properties at issue herein and did not improperly encroach upon the Board's statutory jurisdiction by doing so, its orders will not be disturbed in this appeal.[10]

---

[10] The trial court also properly determined that the Board waived its argument with respect to Taxpayers' standing to file these equitable claims because this issue was not raised until the Board filed its Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal (Statement).  The Board's assertion that it raised the claim in its preliminary objections is untenable.  The Board's preliminary objection regarding its lack of involvement in the 2018 tax assessment is in the nature of a demurrer and focuses entirely on its own non-involvement in the assessments and is not an argument relating to Taxpayers' standing to initiate the instant actions in equity.  R.R. at 99a, 104a.  Because the Board never properly raised, preserved, or sought any relief in the trial court with respect to these claims, we will not address them in this appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a).  As this Court has explained:

> Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pennsylvania courts have consistently applied this rule. *Commonwealth v. Piper*, [328 A.2d 845 (Pa. 1974)].  The appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below[.]  *Tarter v. Linn*, [578 A.2d 453 (Pa. Super. 1990)].

*Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) (footnote omitted).

Additionally, the fact that the Board eventually raised a claim with respect to two of the six elements required for the issuance of a preliminary injunction in the Statement filed in the trial court likewise does not preserve any claim in this regard for our review.  As the Pennsylvania Supreme Court has stated:

> In general, a [Pa. R.A.P.] 1925(b) statement cannot resurrect an otherwise untimely claim or objection.  Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) statement can therefore never be used to raise a claim in the first instance. Pa. R.A.P. 302.  Pennsylvania law is

**(Footnote continued on next page…)**

13

Finally, the Board contends that the trial court erred in granting a preliminary injunction in the *Mifflin Street* case for the reasons stated above, and because the Board was not a party to that action. However, The Board's argument in this regard is untenable. The trial court's grant of a preliminary injunction in the *Mifflin Street* case will be affirmed for the same reasons that it should be affirmed in the *Liberty Place* case, as outlined above. The trial court noted that Taxpayers would suffer a *per se* irreparable harm that was imminent if any injunction was not granted, thereby making a hearing unnecessary. *Mifflin Street*, slip op. at 3. Moreover, the trial court heard identical issues in the preceding *Duffield House* and

---

**(continued…)**

clear that claims and objections that are not timely made are waived.

*Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009). *See also Hinkal v. Pardoe*, 133 A.3d 738, 746 (Pa. Super.), *appeal denied*, 141 A.3d 481 (Pa. 2016) ("'Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.' Pa. R.A.P. 302(a). Raising the issue in her 1925(b) statement does not cure that defect. 'A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order. A Rule 1925(b) statement of [errors] complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time.'") (citation omitted).

Further, the Board also waived any claims with respect to the remainder of the six-factor test because it does not raise the claim in its Statement of Questions presented and does not address the two elements relied upon by the trial court in its brief. Pa. R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Lynn*, 71 A.3d 247 (Pa. 2013) ("Respondent did not appeal the careless driving conviction to the Superior Court by raising it in his [Statement] and in his Statement of Questions Involved in his brief; therefore, the issue was waived and was not properly before that court."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999) (holding that the failure to develop issue in appellate brief results in waiver).

14

*Liberty Place* cases, and the record of those cases was specifically incorporated into the *Mifflin Street* case. *Mifflin Street*, slip op. at 4. *See also* R.R. at 104a n.2, 265a. Additionally, the Board did not answer Taxpayers' petition and did not identify any other evidence that it wished to bring to the trial court's attention. *Mifflin Street*, slip op. at 4, 6. As a result, no new separate hearing was necessary and the trial court did not abuse its discretion in issuing the preliminary injunction.

Accordingly, the trial court's orders are affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Liberty Place Retail Association,                                    :
Philadelphia Liberty Place LP, PA -                                  :
1601 Market Street LIM, Independence                                 :
Center Realty LP, CR 1700 Property                                   :
Owner LLC, Cummins Ellen-Deane,                                      :
SRI Eleven 1818 Market LLC,                                          :
Bellevue Associates, 1760 Market Partners,                           :
L.P., 1912-20 Arch Street Associates, L.P.,                          :
2040 Market Street Associates Owner, L.P.,                           :
Panco CC Rittenhouse Row Exchange, L.P.                              :
and Rittenhouse Row Investors, L.P .,                                :
William Penn House, Inc., Rittenhouse Plaza,                         :
Inc., 1326 Chestnut Owner LLC, BJP 1021                             :
Owner LLC, BJP 106-114 Owner LLC,                                    :
Thomas Jefferson University, BJP 123-127                             :
Owner LLC, BJP 15-21 Owner LLC, BJP                                  :
Chestnut Owner LLC, Rittenhouse Claridge LP,                         :
1627 PS Associates LP, South 12th Street                             :
Owner L, 2400 Locust Associates, 2901 Welsh                         :
Road Associate, 3-05 Chester A V LLC, 306                            :
South Street Owner LLC, 308 South Street                             :
Owner LLC, 4100 Longshore Ave Longshore                             :
Arms, 4333 Kelly Drive Association LP, 509 Vine                      :
St. TCE LP., a PA Limited Partnership, 524 South                     :
Street Owner LLC, 526 South Street Owner LLC,                        :
530 South Street Owner LLC, 538 South Street                         :
Owner LLC, 700 South Street Owner LLC,                               :
777 South Broad Street Associates, 7th St.                           :
Chestnut Associates, 909 Group LP, AL RE                             :
Properties LLC, Algonquin Associates, Andover                        :
Court Apartments, AP Rad Venture, Archworks                          :
Philadelphia LLC and Archworks Investment LP,                        :
Awbury Apts 2013 LP, Bainbridge SR, Barrie                          :
Place 2002 LP, Belmont Investments 2012,                             :
Beyerwood 95 Realty Association, Borinquen                           :
Plaza Association, Bradford Ryan 86 Association,                     :
Broad and Pine Associates, Broad and South                          :
Associates, Broad and Spruce Associates,                             :
Broad Plaza LP, Broadmore 2004 LP, Centra                           :
Associates, Centra Associates LP, Chapel Croft                       :

Holdings LP, Charter Court Apartments,                          :
Cheswal LP, Cheswal LPP,                                        :
Cliveden 2002 LP, Cliveden Wayne Associates,                    :
Congress Hall 2004 LP, Corporation of the                       :
Presiding Bishop, Crestwood Properties 2004                     :
Matzmiach Yeshua LLC, Delaware Avenue LLC,                       :
Delaware Valley Real Estate, Domino Lane                        :
Partners LP, EasyFine Asia Ltd., Edmund Street                  :
Properties, Elkins Apartment Partners, Everett                  :
Court Associates, Fairfield Aprts 2014 LP,                      :
Fernhill Park Apartments, Foodarama                             :
Markets, Gateway Enclave LP, Giannascoli                        :
Realty Group, Goldmont Realty Corporation,                      :
Green Lion Group LLC, H R Brainbridge,                          :
Hampshire House Investments and Hampshire                       :
House Partners, Hedley Street LLP, Hill House                   :
Apartment Association, HMC OLS II LP, Honey                      :
Nuts LLC, JAR Chocolate Works LP, JAR                           :
Packard Property LP, JAR Strawberry Court                       :
LP, JAR Trinity LP, JAR Waterfront LP, Johnson                  :
Court Investors LP and Johnson Court Partners                   :
LP, Kentwood Associates Inc., L B Real Estate                   :
Holdings, L3C Alden Park Apartments TIC                         :
I LLC, Langdon 2007 Associates and Langdon                      :
Street Investment, Lawndale 99 Associates L,                    :
Level Place Owner LLC and ECU2002                               :
Passyunk LLC, Lobro Associates, Medary                          :
Court Apts LP, Michael Axelrod TR, Michael                      :
Young Trust, Mighty Richmond House LLC,                         :
MPD Management Co., MREF401 LP, Mutual                          :
Associates LTD, Netherfield Corporation,                        :
Northeast Apart Association LP and Bassman                      :
Family LP NE LLC, One Riverside Associates,                     :
Overseers of Public School William Penn                        :
Charter School, Oxford Apartment Partners                       :
LP, Oxford Manor 2002 LP, Parametric Garage                     :
Associates, Park Bradford Apartments, Parker                    :
Place Partners LP, Parkside Walnut LLC, Paseo                   :
Verde New Market LP, Phila Auth Ind Dev,                        :
Phila Auth Ind Dev c/o Atwen Assoc, Phi1Pe1m                    :
North Joint Venture, PIDC Financial                            :
Corporation, Pike Street LLC, Rhawn Terrace                     :
2002 LP, Robert Court Associates, Roosevelt                     :

Bowling Partners, RSW Premier Holdings LLC, :
S R Bainbridge ST, Sansom Asset Management, :
Schuylkill Park, SIDCO Associates, Six Penn :
Center Associate, Soskin Milton TR and Soskin :
Miriam TR, SREP Regency Apts LP, Station :
Realty Holdings LLC, Stenton House Apt LP, :
Transit Village Affordable, IRS Univ. of Penn, :
W & W Realty LLC, Wadsworth Manor Partners, :
Wallingford 2007 Associate, Washington Service :
Corp, Welsh 2007 Associates LP and Longshore :
TSNY Associates, William D. Staffieri, William :
Staffieri, Windsor Associates Ltd., Windsor :
Estates Apts LP, Windsor Terrace Apts LP, :
Winmont Apartment Partner, Wood St. Assoc. :
LP, WWW Premier Holdings LLC, 1015 Chestnut :
Street Associates, LP, 1220 Sansom Associates, :
1222 Arch Street Partners, LP, 123-29 Chestnut :
Street Associates, 1520 Locust Street Associates, :
L.P., 1608 Walnut Street Associates, LP, 18th & :
Sansom Street, L.P., 19th & Sansom Corporation, :
2031 South Street Associates, L.P., 2045 :
Associates, L.P., 2114 Arch Street Associates, :
LP, 2121 Market Street Associates, L.P., 218 :
Arch Street Associates, L.P., 2301 JFK Owner LP, :
2311 Spruce St Partners, 235 S 15th Street :
Partners, 23rd Street Garage VII, L.P., 2663 :
Partners, L.P., 312 Walnut Street Associates, :
L.P., 600 North Broad Associates, LP., :
622 Owner L.P., 625 Vernon Road, L.P., 701 :
Sansom St Partners LP, 822 Pine Street LLC, :
913 Wallace Street Associates, L.P., Alvin N. :
Shapiro, Carlyle 1612 South Street, L.P., :
CPI/APG Pepper Building Owner, L.L.C., :
Embassy Associates, Empire Building Partners, :
Executive House Investors, L.P., Fishers :
Crossing Realty L.P., et al., G2S2 Associates, :
L.P., JB Venture 4 LLC, KC House LLC, :
Knockwood Associates, L.P., L-A 1229 :
Chestnut Street, L.P., LA 1300 Chestnut :
Associates, L.P., Leelo Properties, Leroy E. :
Kean Family Foundation, Leroy E. Kean, :
et. al., Market Street Apartment Associates :
LLC, Midtown Associates, LP, Parkway :

Associates, PM Owner L.P., PMC 33 N 22nd Street Associates LP, SAB Holdings, L.P., et. al., Savoy Properties, Spruce 1530, LLC, Temple University, et. al., USRE 339 S 13th LP, USRE 412 S 13th LP, Walnut Square Partners, Ltd., Washington Square Partners, L.P., Wister Green Armstrong 525, LP

               v.

City of Philadelphia and the Board of Revision of Taxes

Appeal of: Board of Revision of Taxes

: No. 824 C.D. 2018

Mifflin Street Associates, LP, LMM Associates, 135 S. 18th St. Associates, L.P., CLBW Associates, L.P., and Highland Holmesburg Associates, L.P.

               v.

City of Philadelphia, and School District of Philadelphia

Appeal of: Board of Revision of Taxes of the City of Philadelphia

: No. 1145 C.D. 2018

# **O R D E R**

AND NOW, this 29<u>th</u> day of <u>October</u>, 2019, the orders of the Philadelphia County Court of Common Pleas dated May 25, 2018, and June 19, 2018, are AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge